555 F.2d 340
 Jasper C. GOULD, Appellant,
v.
The MEMBERS OF the NEW JERSEY DIVISION OF WATER POLICY AND
SUPPLY, Lilyan Schwartz, I. Ralph Fox, the Commissioner of
the Division of Water Policy and Supply, Robert A. Roe,
Robert Hardman, the Commonwealth Water Company, Harold Burd,
American Water Works Service Company.
 No. 76-2068.
 United States Court of Appeals,
Third Circuit.
 Submitted under Third Circuit Rule 12(6) Feb. 23, 1977.
Decided March 21, 1977.
 
 Mark L. Amsterdam, Rubin, Hanley & Amsterdam, New York City, Martin L. Bush, Florham Park, N. J., for appellant.
 David G. Eynon, Farrell, Eynon, Madden & Lundgren, E. Haddonfield, N. J., for appellee Com. Water Co., et al.
 William F. Hyland, Atty. Gen. of N. J., Stuart R. Meislik, Erminie Conley, Deputy Attys. Gen., Trenton, N. J., for State appellees.
 Before SEITZ, Chief Judge, and ALDISERT and HUNTER, Circuit Judges.
 Submitted Under Third Circuit Rule 12(6) Feb. 23, 1977.
 OPINION OF THE COURT
 SEITZ, Chief Judge.
 
 
 1
 This Court, on its own motion, raised a question as to the timeliness of the notice of appeal filed with the district court for the District of New Jersey.
 
 
 2
 Appellant asserts in his supplemental brief and appellees do not deny that the notice of appeal was received by the district court Clerk's office within the required 30 days. However it was not accompanied by the required $5.00 filing fee. Consequently, the Clerk did not file it and so advised appellant. The $5.00 payment was not made until after the expiration of the 30-day appeal period and the notice was presumably filed as of the date of payment.
 
 
 3
 The issue presented is whether a notice of appeal received by the district court Clerk's office within the required period of time and not accompanied by the mandated filing fee is untimely for appellate review purposes.
 
 
 4
 In United States v. Solly, 545 F.2d 874, 876 (3d Cir. 1976), we held "that whenever a notice of appeal is filed in a district court, it is filed as of the time it is actually received in the clerk's office even though it is designated as filed by the clerk's office at a later date." We were, of course, talking about its timeliness for appeal purposes. We think this result is mandated by Parissi v. Telechron, Inc., 349 U.S. 46, 75 S.Ct. 577, 99 L.Ed. 867 (1955), in which the court said: "We think that the Clerk's receipt of the notice of appeal within the 30-day period satisfied the requirements of § 2107, and that (any) untimely payment of the § 1917 fee did not vitiate the validity of petitioner's notice of appeal." Although in Parissi the court of appeals had required a nunc pro tunc order to validate the notice for appeal purposes, we think that in its opinion, the Supreme Court dispensed with the need for any such procedure.
 
 
 5
 It is thus clear that the filing fee requirement cannot operate to render untimely a notice of appeal that is timely received in the Clerk's office. As the Supreme Court said in Parissi, however, this conclusion does not leave the Clerk's office without other sanctions to collect the filing fee.
 
 
 6
 Since the district court docket entries in this case do not establish that appellant's notice was timely received, we must remand to the district court to make that factual determination. If the district court finds that the notice of appeal was received in the Clerk's office within 30 days of entry of the order appealed from the appeal was timely.
 
 
 7
 Had the docket entries reflected the date of receipt we would have had record notice which would have obviated the need for a remand. We therefore adopt the following procedure pursuant to our supervisory powers which is to be used by all district courts:[1]
 
 
 8
 1. The Clerk's office shall accept and retain every notice of appeal tendered whether or not accompanied by the filing fee, and shall note thereon the date and time of receipt.
 
 
 9
 2. The Clerk's office shall upon tender of every notice of appeal whether or not accompanied by the filing fee enter the date and time of receipt upon the docket sheets.
 
 
 10
 The appeal will remain on the docket of this court to afford appellant a reasonable time to seek a determination in the district court of whether the notice of appeal was timely filed.
 
 
 
 [1]
 The procedure we adopt is substantially that which the New Jersey District Court Clerk advises us he has instructed his office to follow. However, the instructions were apparently not followed here