CICELY RICHARDSON, et al., Plaintiffs

v.

VIRGIN ISLANDS HOUSING AUTHORITY, et al.,
Defendants

Civil No. 79-29

VIRGIN ISLANDS HOUSING AUTHORITY, Plaintiff

v.

HELEN RODRIQUEZ, et al., Defendants

Civil No. 79-83

HILARIE GREAUX, Plaintiff

v.

VIRGIN ISLANDS HOUSING AUTHORITY, Defendant

Civil No. 79-48

RAYMOND WARNER, et al., Plaintiffs

v.

VIRGIN ISLANDS HOUSING AUTHORITY, Defendant

Civil No. 78-29

LESLIE GREAUX, et al., Plaintiffs

v.

VIRGIN ISLANDS HOUSING AUTHORITY, Defendant

Civil No. 79-47

District Court of the Virgin Islands
Div. of St. Thomas and St. John

February 23, 1981

ALLAN M. TOW, ESQ., Legal Services of the Virgin Islands, St. Thomas, V.I., *for plaintiff Richardson*

JAMES COLEMAN, ESQ. (LEHTONEN & COLEMAN), St. Thomas, V.I., *for plaintiffs Greaux and Warner*

DARYL C. BARNES, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for defendant Government*

DONALD KANE, ESQ., Assistant Attorney General, St. Thomas, V.I., *for defendant VIHA*

ISHMAEL MEYERS, ESQ., United States Attorney, St. Thomas, V.I., *for defendant HUD*

SHARON NOLAN, ESQ., St. Thomas, V.I., *for defendant Rodriquez*

JEAN-ROBERT ALFRED, ESQ., Christiansted, St. Croix, V.I., *for defendant VIHA*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

The focus of these cases[1] is on the interpretation of a lease entered into by the Virgin Islands Housing Authority (hereinafter VIHA or PHA) and its low income tenants. Basically the outcome of these actions depends on whether VIHA has a duty under the lease to supply its low income tenants with safe potable water. The rights and obligations of each of the parties hangs on that determination.

Presently before the Court there are a number of motions. They are: (1) the motion of plaintiff Richardson to consolidate her action with VIHA v. Rodriquez, docketed at Civil No. 79-83 and to compel VIHA to comply with discovery; (2) the motion of the United States to dismiss the Secretary of Housing and Urban Development (HUD) from the case of Richardson v. VIHA; (3) and the request of VIHA to stay all proceedings in the pending suits until its declaratory judgment action, VIHA v. Rodriquez, supra has been determined. Additionally, the Court will sua sponte consolidate the remaining suits. See note 1 supra.

## MOTION TO DISMISS THE SECRETARY OF HUD

The first issues we will address are whether the Court has subject matter jurisdiction over the Secretary of HUD and whether plaintiff stated a cause of action against that Federal official. See Fed. R.

---

[1] The actions presently before us are Richardson v. VIHA, Civ. 79-29; VIHA v. Rodriquez, Civ. 79-83; Greaux v. VIHA, Civ. 79-48; Warner v. VIHA, Civ. 78-29; Greaux v. VIHA, Civ. 79-47. The later two cases were consolidated in the Territorial Court.

Civ. P. 12(b)(6).[2] We have concluded that the motion to dismiss as to the Secretary should be granted.

Plaintiff asserts that we have subject matter jurisdiction under various federal and Virgin Islands statutes.[3] Each jurisdictional basis will be discussed below.

■ Plaintiff contends that jurisdiction exists under the federal and local Declaratory Judgment Acts. See 28 U.S.C. §§ 2201, 2202 and 5 V.I.C. § 1261.[4] Subject matter jurisdiction cannot be based solely on the Declaratory Judgment Acts but rather there must be an independent jurisdictional source. Gilman v. Government of the Virgin Islands, 1979 St. T. Supp. 542, 543 (D.V.I. 1979); see Skelly Oil Co. v. Phillips Petroleum Co., 330 U.S. 667, 671–72 (1950); Ragoni v. United States, 424 F.2d 261 (3d Cir. 1970). Thus the Declaratory Judgment Acts alone will not confer jurisdiction on this Court.

Plaintiff also contends that we have jurisdiction in this cause under the Civil Rights Acts. 28 U.S.C. § 1343(3); 42 U.S.C. § 1983. Again the Court must disagree.

■ ■ In her complaint plaintiff alleges that the Secretary of HUD failed to enforce her own agency's regulations. See 24 C.F.R. 866.4(b) and 866.4(e)(1), (2), (3), (5), (7). Hence plaintiff contends that the Secretary failed to comply with federal law. Federal officials generally are not amenable to suit under 42 U.S.C. § 1983 which by its language limits actions to persons acting under color of state or territorial law.[5] Wheeldin v. Wheeler, 373 U.S. 647 (1962); Accordi v. United States, 425 F.2d 1239 (3d Cir. 1970). No allegations were made accusing the Secretary of conspiring with local officials or act-

___

[2] The government maintains that its motion is premised solely on Federal Rule 12(b)(1); however, some of the contentions raised in its memorandum assert that plaintiff has failed to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). We also note that although the government's motion was filed on June 8, 1979, plaintiff has not responded to it.

[3] See Complaint.

[4] Although the Virgin Islands Declaratory Judgment Act, 5 V.I.C. § 1261 is derived from the Uniform Declaratory Judgments Act, § 1, 9A U.L.A., instead of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, 2202 (1976) the necessity for underlying subject matter jurisdiction of the courts is the same. See, e.g., Employers Cas. Co. v. Kline Oldsmobile Inc., 210 F.Supp. 269 (D.C.Minn. 1962); Dyar v. Bingham, 100 Ohio App. 2d 304, 136 N.E.2d 444 (1957); Conner v. Collins, 378 S.W.2d 133 (Tex. Civ. App. 1964); Gifford Memorial Hospital v. Town of Randolph, 119 Vt. 66, 188 A.2d 480 (1955).

[5] A federal official may be subject to § 1983 suits if he conspires with state officials to deprive a citizen of his rights. See Kletschka v. Driver, 411 F.2d 436 (2d Cir. 1969).

ing under color of territorial law. Accordingly plaintiff's jurisdictional allegation premised on the Civil Rights Acts is inadequate to confer jurisdiction on this Court over the Secretary of HUD.

■ Next plaintiff relies on the Administrative Procedure Act (APA) to extend subject matter jurisdiction. Similar to the Declaratory Judgment Act, the APA is not an independent grant of subject matter jurisdiction to the federal courts. Califano v. Sanders, 430 U.S. 99, 105 (1977). Accordingly plaintiff's reliance on the APA for jurisdictional purposes must fail.

■ Plaintiff also relies on 5 V.I.C. § 1361 and 28 U.S.C. § 1361 which confers jurisdiction on the local and federal courts respectively in actions in the nature of mandamus. An order of mandamus is an extraordinary remedy and should be granted only under compelling circumstances. See United States v. Olds, 426 F.2d 562, 565 (3d Cir. 1970); Samuel v. Virgin Islands Tel. Corp., 12 V.I. 64 (D.V.I. 1975).

■■ Three prerequisites must be met before a court will issue a writ of mandamus. They are: (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available. Billiteri v. United States Board of Parole, 541 F.2d 938 (2d Cir. 1976). Plaintiff fails to meet that three prong test. The Secretary of HUD has no ministerial duty to enforce particular agency rules and regulations. 42 U.S.C. § 3535(d) provides that the Secretary *"may* make such rules and regulations as may be necessary . . ." (emphasis added). The statute does not mandate enforcement. Furthermore plaintiff has an adequate alternative remedy against the Virgin Islands Housing Authority. See Grant v. Hogan, 505 F.2d 1220, 1225 (3d Cir. 1974); Braxton v. Poughkeepsie Housing Authority, 382 F.Supp. 992 (S.D.N.Y. 1974).

Lastly, plaintiff relies on § 22 of the Revised Organic Act of 1954, 4 V.I.C. § 32 and 28 U.S.C. § 1331 to invoke federal question jurisdiction. Thus, we must determine whether plaintiff's claim "arises under" the constitution or laws of the United States.

■ A cause of action arises under the laws of the United States "if and only if the complaint seeks a remedy expressly granted by federal law or if it requires the construction of a federal statute on a distinctive policy or a federal statute requires the application of federal legal principles for its disposition." Lindy v. Lynn, 501 F.2d 1367, 1369 (3d Cir. 1974); see American Well Works Co. v. Layne &

Bowler Co., 241 U.S. 257, 260 (1916); see also Romero v. International Terminal Operating Co., 358 U.S. 354, 379 n.50 (1959).

■■ This lawsuit centers around a lease between VIHA and its low income tenants. Although parts of that lease are subject to federal regulation that federal ingredient alone will not confer federal question jurisdiction. Lindy v. Lynn, supra. Furthermore, plaintiff's allegations against HUD for failure to enforce its regulations should be directed at VIHA on which the duty of carrying out those regulations falls. See Housing Authority of Omaha v. United States Housing Authority, 468 F.2d 1 (8th Cir. 1972) cert. denied 410 U.S. 927 (1973). See also Southern Ry v. Seaboard Allied Milling Corp., 442 U.S. 444 (1979). On all the foregoing, the motion to dismiss the complaint against the Secretary of HUD will be granted.

## MOTION TO CONSOLIDATE

■ Rule 42(a) of the Federal Rules of Civil Procedure allows a court to order consolidation of actions pending before it that involve a common question of law or fact. The parties to the actions before us are low income tenants on one side and various officers of the executive branch of the Virgin Islands government as well as an agency of said government on the other. The primary issue in each case is the same. Accordingly, the Court will order that the cases (see n.1 supra) be consolidated.

## MOTION TO STAY

■ VIHA's motion to stay all proceedings until its declaratory judgment action has been determined will be denied.[6] Consolidation rather than a stay is the most efficient manner of dealing with these cases. Staying discovery in the nondeclaratory judgment actions will lead to delay if VIHA is found to owe a duty to provide safe water. On the other hand we do not find the cost or inconvenience overbearing for VIHA and the government to comply with discovery now even if it is ultimately found to owe no duty to the tenants. Therefore, because the VIHA has failed to make out a clear case of hardship or inequity in being required to go forward with these cases, its motion to stay the proceedings will be denied. See Landis v. North America Co., 299 U.S. 248, 254 (1936).

## MOTION FOR SANCTIONS

Lastly, plaintiff Richardson moves this Court for sanctions against VIHA for its failure to answer plaintiff's interrogatories. Defend-

---

[6] VIHA v. Rodriquez, Civ. 79-83.

ant's excuse for noncompliance with discovery is that the papers were misplaced in the Attorney General's office.

 Because we prefer to decide cases on the merits rather than on technicalities, we will not impose sanctions on the government at this time. However, the costs of bringing the motion in the amount of $85.00 will be awarded and will be payable at the final determination of this action. Furthermore, the interrogatories must be answered within twenty days of this date.

## ORDER

The premises considered and the Court being duly advised

IT IS ORDERED that the motion of the United States to dismiss the complaint against the Secretary of Housing and Urban Development be, and the same is hereby, GRANTED;

IT IS FURTHER ORDERED that Richardson v. VIHA, Civ. 79-29, VIHA v. Rodriquez, Civ. 79-83; Greaux v. VIHA, Civ. 79-47, Greaux v. VIHA, Civ. 79-48, and Warner v. VIHA, Civ. 78-29 be and the same are hereby CONSOLIDATED;

IT IS FURTHER ORDERED that the motion of plaintiff Richardson for sanctions against the Virgin Islands Housing Authority be, and the same is hereby, DENIED; however, the cost of bringing the motion in the sum of $85.00, payable at the final determination of this lawsuit is hereby awarded to plaintiff;

IT IS FURTHER ORDERED that the Virgin Islands Housing Authority answer the interrogatories heretofore propounded by plaintiff Cicely Richardson not later than twenty (20) days from the date hereof; and

IT IS FURTHER ORDERED that the motion of Virgin Islands Housing Authority to stay the proceedings in all but VIHA v. Rodriquez, be, and the same is hereby, DENIED.