CONSTANCE WEEMS a/k/a/ CONSTANCE BRAXTON,
Petitioner

v.

JUDGE EILEEN R. PETERSEN, Respondent

Civil No. 1982/81

District Court of the Virgin Islands

Div. of St. Croix

July 8, 1982

RANDALL S. JOHNS, ESQ., St. Croix, V.I., *for petitioner*

ROLAND B. SCOTT, ESQ., Christiansted, St. Croix, V.I., *for respondent*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

This matter stems out of a divorce and the terms therein granted by respondent, the Territorial Court Judge in that proceeding. Petitioner has filed a first amended petition for affirmative relief in the nature of mandamus (the "petition"). She is requesting this Court to compel respondent to perform certain acts involving the parties to the divorce. For the reasons stated herein, the relief requested by petitioner is denied, and the petition will be dismissed.

### FACTS

In November 1981, respondent granted a divorce to one Edwyn Braxton, not a party to this matter.[1] The final divorce decree ordered custody of the minor children of petitioner and Mr. Braxton to petitioner by a certain date. Mr. Braxton failed to deliver said children to petitioner. On March 17, 1982, an order was issued against Mr. Braxton whereby respondent stated that Mr. Braxton was in contempt of court. The respondent further stated, however,

---

[1] Edwyn Braxton v. Constance Braxton, Fam. No. D 219/1981 (Terr. Ct. St. C., Christiansted Division, November 16, 1981), Petersen, J.

that he could purge himself of the contempt if he returned the children to petitioner by a certain date, and paid petitioner's attorney's fees and costs. Counsel for Mr. Braxton soon thereafter appealed the contempt order and was granted a stay of the order pending appeal to this Court. Petitioner appealed the granting of the stay and subsequently filed this petition.[2]

## DISCUSSION

■ Generally, mandamus is an extraordinary remedy, Homer v. Lorillard, 6 V.I. 558 (Mun. Ct. St. C., 1967), and should only issue if there are no other means of vindicating rights. Samuel v. V.I. Telephone Corp., 12 V.I. 64 (D.V.I., 1975). This Court, in determining if mandamus relief is appropriate, is governed by 5 V.I.C. § 1361(a). Section 1361(a) provides:

> In an appropriate action, or upon an appropriate motion in an action, under the practice prescribed in the Federal Rules of Civil Procedure and in this title, the district court may issue a mandatory order to any inferior court, corporation, board, officer, or person, to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station. Although such order may require the court, corporation, board, officer, or person to exercise its or his judgment, or proceed to the discharge of any of its or his functions, the order shall not control judicial discretion. The order shall not be issued in any case where there is a plain, speedy, and adequate remedy in the ordinary course of the law.

5 V.I.C. § 1361(a) (1967).

Petitioner requests four actions from this Court. Petitioner first requests that this Court compel respondent to "punish one Edwyn Braxton for contemptious (sic) conduct." Petition at IV. A court's decision as to how it will penalize a party that is in civil contempt of court is within that trial judge's discretion. 14 V.I.C. § 581.[3] Because

---

[2] This Court dismissed the appeals for failure of both parties to respectively file docketing fees with the Clerk's office. Edwyn Braxton v. Constance Braxton, Civ. No. 82-90, Order, June 29, 1982.

[3] Section 581 provides:

Every court of the Virgin Islands shall have power to punish by fine or imprisonment, *at its discretion*, such contempt of its authority, and none other as—
  (1) misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
  (2) misbehavior of any of its officers in their official transactions; or
  (3) disobedience or resistance to its lawful writ, process, order, rule, decree, or command.
14 V.I.C. § 581 (1964) (emphasis supplied). See, also, 4 V.I.C. § 282 (1967) (a judicial officer may punish for contempt in manner provided for by law).

214

such action is discretionary, this Court has no authority to issue a mandatory order under § 1361(a).

■ Secondly, petitioner requests this Court to compel respondent to modify the contempt order of March 17, 1982, to "conform such order" with the final divorce decree. Petitioner is objecting to the allowance of additional time of Mr. Braxton to return the children to petitioner. This Court is inclined to interpret this action as a means of encouraging compliance with the final divorce order. In other words, this is the particular method respondent chose to enforce the final divorce order. This, as discussed above, is within respondent's discretion and the Court will not grant the relief requested.[4]

■ Thirdly, petitioner requests that this Court vacate or modify respondent's April 5, 1982, order granting a stay in respondent's contempt order pending an appeal to this Court. This request is moot because the Court has dismissed the appeals filed by Mr. Braxton.[5] Therefore, the reason for the stay no longer exists.

■ Lastly, petitioner requests that this Court direct respondent to set aside her order of recusal dated May 25, 1982. The Court does not have any document before it regarding a recusal. Further, neither party addressed this issue in their briefs nor at oral argument. All we have before us is petitioner's unsupported statement. The Court will not, therefore, address this issue with no supporting documents or argument.[6]

## ORDER

THIS MATTER is before the Court on petitioner's first amended petition for affirmative relief in the nature of mandamus (the "petition"). After consideration of the arguments made in the briefs and at oral argument, the premises considered, it is hereby

ORDERED:

THAT the petition is DENIED.

---

[4] The request by petitioner could also be interpreted as an attempt to appeal the contempt order by means of requesting a mandatory order. This "back door" approach also would fail under § 1361(a) because the remedy of appeal is available.

[5] See note 2 supra.

[6] The Court recognizes, however, that recusal by a judge is governed by 4 V.I.C. § 284 (1967).