VIVIAN KING and JUDITH KING ZEBEDEE, Plaintiff

v.

MAHOGANY RUN DEVELOPMENT CORPORATION and JOHN ZEBEDEE, Defendants

and

GOVERNMENT OF THE VIRGIN ISLANDS, Involuntary Plaintiff

Civil No. 1984/206

District Court of the Virgin Islands

Div. of St. Thomas and St. John

August 11, 1987

RICHARD R. KNOEPFEL, ESQ., St. Thomas, V.I., *for plaintiffs*

DEBORAH BUTLER, ESQ., St. Thomas, V.I., *for defendant Mahogany Run Development Corp.*

JOANNE E. BOZZUTO, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for Government*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

This is a case of the administrative tail, in the person of the real property tax assessor, attempting to wag the legislative dog. In it we must decide whether the tax assessor can, in the face of a statute to the contrary, refuse to make a separate assessment on an individual condominium unit, and instead, because of an administrative practice, lump the unit for tax purposes with other condominium units still held by the grantor of the apartment. Because we hold that he may not, we will order him to apportion the taxes appropriately.

## I. FACTS AND PROCEDURAL BACKGROUND

The plaintiffs, Vivian King and Judith King Zebedee ("Kings") received a warranty deed to Unit 514U Mahogany Run Condominium, St. Thomas, Virgin Islands ("the unit") on November 25, 1986 from Lovenlund Resort Associates ("LRA").[1]

When the Kings sought to record their deed, the government refused to issue a tax letter.[2] Its refusal was based on a tax lien maintained against the unit and five other apartments owned by the unit's grantor, LRA. The assessor was operating under the procedure that he may refuse to issue separate assessments until there has been a first conveyance of an apartment via an individual deed.

The Kings then moved for a temporary restraining order requiring the government to issue a tax letter. We granted their motion after a hearing by order dated April 13, 1987. This matter is now before us on motion for a permanent injunction. Because the Kings seek an affirmative injunction ordering the tax assessor to issue their unit a separate tax bill, we view their motion as one for mandamus-like relief.

## II. DISCUSSION

■ 5 V.I.C. § 1361(a) provides the jurisdictional basis upon

---

[1] LRA is the successor in interest to the defendant, Mahogany Run Development Corp. ("MRDC"). Originally, the Kings instituted this suit seeking specific performance on a purchase agreement for the unit from MRDC. By stipulation, this claim has been dismissed. See order of April 29, 1987.

[2] 28 V.I.C. § 121 requires that before a deed may be recorded, there must be proof that all the property taxes due at the time of conveyance have been made.

which this Court may grant mandamus-like relief.[3] A plaintiff must have a clear right to the relief sought; there must be a plainly defined and peremptory duty to do the act in question; and there must be no other adequate remedy available. Richardson v. Virgin Islands Housing Authority, 18 V.I. 351, 356 (D.V.I. 1981) (citations omitted).

## A. *Statutory Right to a Separate Assessment*

■ Section 921 of Title 28, the Virgin Islands Condominium Act clearly states the Kings' right to a separate assessment on their unit.[4] On this we see no room for doubt.

## B. *Tax Assessor's Duty*

■ In addition, 33 V.I.C. § 2403 requires the tax assessor to assess each parcel of real estate separately.[5] We do not see how the assessor has any statutory authority to refuse to do so because of internal office practice.[6] In any case, we do not believe it is

---

[3] 5 V.I.C. § 1361 provides:

> *Remedies formerly available by writ of mandamus to compel performance of duties*
>
> (a) In an appropriate action, or upon an appropriate motion in an action, under the practice prescribed in the Federal Rules of Civil Procedure and in this title, the district court may issue a mandatory order to any inferior court, corporation, board, officer, or person, to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station. Although such order may require the court, corporation, board, officer, or person to exercise its or his judgment, or proceed to discharge of any of its or his functions, the order shall not control judicial discretion. The order shall not be issued in any case where there is a plain, speedy, and adequate remedy in the ordinary course of the law.

[4] That section provides:

> Each apartment and its percentage of undivided interest in the common areas and facilities shall be deemed to be a parcel and shall be subject to separate assessment and taxation under the provision of subtitle 2 of Title 33. Neither the building, the property nor any of the common areas and facilities shall be deemed to be a parcel.—
> 28 V.I.C. § 921.

[5] Section 2403 reads:

> The assessor, in making his assessment or in revising existing assessments, shall list each piece or parcel of real estate separately, and give to each its assessed value, together with a description of the parcel and the name and address of the owner, insofar as such information can be obtained. Where real property embraces both land and improvements, the assessed value of the land and of the improvements shall be given separately.

[6] Nothing in the condominium or property tax statutes gives the assessor authority to determine when an apartment becomes a separate parcel, and the statute's silence does not implicitly give him such authority.

necessary to determine whether the conveyance to the Kings of their unit was the first conveyance of that apartment by individual deed. It is obvious to us that upon the Kings' acquisition of title, the apartment became entitled to a separate assessment pursuant to 28 V.I.C. § 921.

## C. *The Kings' Available Remedies*

Absent the issuance of mandamus-like relief, the Kings have no recourse against a recalcitrant government. This is not a case where one must exhaust the administrative relief by appealing to the Board of Tax Appeals since the statute mandates such a route only after an unfavorable assessment.[7] In this case there is no assessment from which to appeal. No other remedy at law is available to the Kings.

## III. CONCLUSION

■ The statutes being clear that the Kings' apartment shall be assessed separately, and that the tax assessor has an affirmative duty to issue such assessment, and there being no other available remedy to the Kings, we will grant their motion for mandamus-like relief and order the tax assessor to issue a separate assessment on Unit 514U Mahogany Run Condominium.

## ORDER

THIS MATTER is before the Court on motion of the plaintiffs for mandamus-like relief against the involuntary plaintiff. Having filed a memorandum opinion of even date herewith, and the premises considered, now therefore it is

ORDERED:

THAT the plaintiffs' motion for mandamus-like relief be, and the same is hereby, GRANTED; and further

---

[7] 33 V.I.C. § 2451(a) provides:
 Any person aggrieved by the action of the assessor in relation to the valuation of his property may make written complaint thereof to the Board of Tax Review. No such complaint or claim shall be considered by the Board unless it is presented no later than September 15th succeeding the year for which assessment is made and no statements or arguments on behalf of such complaint or appeal shall be considered except those presented by the aggrieved person, his duly accredited agent or attorney.
 *See also* 33 V.I.C. § 2454 (appeal from decision of Board of Tax Appeals to the District Court).

THAT the tax assessor shall in conformity with 28 V.I.C. § 921 and 33 V.I.C. § 2403 issue a separate assessment on Unit 514U Mahogany Run Condominium forthwith.