# VIRGIN ISLANDS HOUSING FINANCE AUTHORITY,
## Petitioner/Defendant

v.

# VIOLA E. SMITH, LEON KENDALL, APEX CONSTRUCTION CO., INC., Respondents

Terr. Ct. No. 857/1989

Dist. Ct. Misc. No. 16/1991

District Court of the Virgin Islands

Appellate Division

Div. of St. Thomas and St. John

April 15, 1991

STAFFORD A. HILAIRE, ESQ., St. Thomas, V.I., *for petitioner*

BRENDA J. HOLLAR, ESQ., St. Thomas, V.I., *for respondents Kendall and Smith*

RHYS HODGE, ESQ., St. Thomas, V.I., *for respondent Apex Construction Co., Inc.*

BROTMAN, *Acting Chief Judge*

## OPINION

This matter comes before the Appellate Division of the court on a petition for a writ of mandamus ordering the Clerk of the Territorial Court, Viola Smith, to comply with Rule 3(d), Fed. R. App. Pro., and transmit the necessary documents to this court for purposes of considering petitioner's appeal. For the following reasons, the writ will be granted.

## FACTS AND PROCEDURAL BACKGROUND[1]

Plaintiff Kendall is a party to a home purchase agreement whereby he would pay $54,500 for a two-bedroom townhouse unit to be built at King's Quarter, St. Thomas and sold by defendants Virgin Islands Housing Finance Authority (VIHFA) and Apex Construction Co., Inc. Upon defendants' failure to convey the property, plaintiff filed an action in the Territorial Court for an injunction, specific performance and damages. Defendant VIHFA contends that plaintiff's

---

[1] The following procedural history is based on information presented to this court by the parties in their respective briefs and can not be confirmed by checking the Territorial Court docket since the Territorial Court has not delivered it to this court.

contract rights ended with defeasance and, therefore, plaintiff is entitled only to a return of his down payment.

On March 14, 1990, the Territorial Court granted a Rule 56(c) partial summary judgment to plaintiff Kendall and entered an order directing VIHFA to convey title to the property to Kendall upon the transfer of the balance of the purchase price and that a closing be held by April 13, 1990. The Territorial Court also directed the parties to appear on April 5, 1990 at a hearing on damages for an apparent breach of the purchase agreement.

On or about April 5, 1990, defendant VIHFA filed a motion to reconsider the grant of partial summary judgment based on additional evidence. The Territorial Court heard oral argument with supporting testimony on that day, orally granted the motion to reconsider the March 14 ruling and reserved decision. The hearing on damages was not held. On May 23, 1990 the Territorial Court issued an opinion and order setting forth its decision to reconsider and concluding that the new evidence did not merit any change in its March 14 order. Nothing was said in this order as to rescheduling a new closing date for the conveyance of title. It again ordered the parties to appear for a hearing on damages on June 19, 1990. Apparently, that hearing was not held.

On June 6, 1990, VIHFA filed a notice of interlocutory appeal pursuant to 28 U.S.C. § 1292(a)(1). On or about June 18, 1990, it moved before the Territorial Court for a stay pending appeal pursuant to Rule 62(c), Fed. R. Civ. Pro.

Several months went by until February 11, 1991, when the Territorial Court reaffirmed its decision to let partial summary judgment stand and rescheduled the hearing on damages for March 4, 1991. On February 22, 1991, the Territorial Court made its own ruling on the notice of interlocutory appeal, concluding that its grant of partial summary judgment was interlocutory in character and was not appealable until after the damage issue was resolved, citing Wright and Miller, Federal Practice and Procedure, § 2715 at 632–34. The Territorial Court again ordered VIHFA to convey to plaintiff the subject property upon the transfer of the balance of the purchase price at a closing of sale to take place by March 1.

The March 1 date came and went without a closing, prompting plaintiff Kendall to file a motion for involuntary execution of a deed of conveyance, apparently pursuant to Rule 70, Fed. R. Civ. Pro. The Territorial Court granted the motion on March 8, directed execution

of the deed and ordered the deposit of the purchase price balance into the registry of the court.

On that same date, VIHFA filed with this court its petition for a writ of mandamus and motion to stay pending appeal, with an amended petition on March 12, 1991. Specifically, petitioner seeks to appeal the Territorial Court's decision of May 23, 1990 denying its motion to vacate the March 14 grant of summary judgment.[2]

## DISCUSSION

### A. *Jurisdiction:*

■ This court has already determined in its opinion docketed March 26, 1991 that it has jurisdiction to issue a writ of mandamus. There are two grounds for such jurisdiction. First, pursuant to 4 V.I.C. § 34, "[t]he district court . . . may issue . . . all other writs and make mandatory orders and all other orders necessary or appropriate in aid of its original or appellate jurisdiction and agreeable to the usages and principles of law." Second, pursuant to 5 V.I.C. § 1361, "the district court may issue a mandatory order to any inferior court . . . or person, to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." See Weems v. Judge Petersen, 19 V.I. 212 (D.V.I. 1982) (Appellate Division of District Court of the Virgin Islands has jurisdiction under 5 V.I.C. § 1361 to order a Territorial Court judge to take non-discretionary action); Homer v. Lorillard, 6 V.I. 558 (Mun. Ct. St. Croix 1967).[3]

---

[2] The court is distressed that the brief by counsel for VIHFA contains abusive expressions and levels unwarranted accusations against judges and other officers of the Territorial Court. Counsel seems to equate alleged errors of law with malevolent intent. Such accusations are highly inappropriate, and only serve to demean the judicial process and the attorney involved. This court admonishes counsel and directs that henceforth he control his frustration and refrain from such remarks.

[3] While the court feels that 5 V.I.C. § 1361 is the more appropriate basis for appellate jurisdiction over the present petition for writ of mandamus, it notes that power to issue the writ "in aid of its jurisdiction" would be appropriate under the rule set forth in United States v. Christian, 660 F.2d 892, 896 (3d Cir. 1981): "[W]here a district court, by action not committed to its discretion, prevents a nascent controversy from being adjudicated and thereby defeats appellate review, the subject matter of the court's action is within the 'jurisdiction' of the appellate court for purposes of All Writs Act."

■■ Title 5 V.I.C. § 1361 also states that petitions for writs of mandamus should follow the practice prescribed in the Federal Rules of Civil Procedure. Rule 21 of the Federal Rules of Appellate Procedure, which apply to appeals from the Territorial Court to this court by virtue of Territorial Court Appellate Rule 176, Appendix IV,[4] allows a party to apply for a writ of mandamus with the clerk of the court of appeals. Rule 21(b) states that, unless the court is of the opinion that the writ should not be granted, "it shall order that an answer to the petition be filed by the respondents within the time fixed by the order." This court was of the opinion at that time that the writ should be granted[5] and ordered respondent Smith to file an answer by April 1. Instead of answering, her counsel filed a motion to dismiss the petition on March 22 as well as a motion for reconsideration of this court's March 26 opinion and order on March 27. Oral argument was heard on the petition in St. Croix on April 11.

B. *Merits of Petition for Writ of Mandamus:*

■ The standard for granting a writ of mandamus pursuant to 5 V.I.C. § 1361 consists of a three-part test: plaintiff must have a clear right to the relief sought; there must be a plainly defined and peremptory duty to do the act in question; and there must be no other adequate remedy available. King v. Mahogany Run Development Corp., 23 V.I. 274, 276 (D.V.I. 1987); Richardson v. Virgin Islands Housing Authority, 18 V.I. 351, 356 (D.V.I. 1981).

■■ 1. *Right to Relief Sought:* A plaintiff has a fundamental right to a fair and impartial judicial process, including the right to pursue an appeal from an adverse judgment. In exercising that right, the would-be appellant has the undeniable right to expect the admin-

---

[4] The court also notes that the "practice and procedure in the territorial court shall conform as nearly as may be to that in the district court in like causes, except where there is an express provision in the law or these rules to the contrary." 5 App. IV Rule 7. The Federal Rules of Civil Procedure apply to litigation conducted in the District Court.

[5] As it stated in its March 26 opinion, this court did not feel denial of the writ was warranted, noting that it probably has appellate jurisdiction pursuant to 18 U.S.C. 1292(a)(1). Virgin Islands Housing Finance Authority v. Kendall, Misc. No. 91–16 (March 26, 1991), slip op. at 5 n.1. Whether this court has appellate jurisdiction to consider the merits of petitioner's appeal is not before the court at this time. It does note, however, that the proper procedure for respondents to contest that issue is by filing a motion to dismiss before this court once the notice of appeal is docketed.

istrative arm of the court to perform its ministerial duties so as not to frustrate its right to pursue an appeal. The relief sought by VIHFA is an order of this court directing the clerk to process its appeal. Plaintiff has that right, unequivocally, if it can meet the two remaining parts of the test.

 2. *Duty to Process Appeal:* Petitioner asserts that respondent Viola Smith, Clerk of the Territorial Court, is in violation of Rule 3(d), Fed. R. App. Pro., which requires the clerk of the lower court to "transmit *forthwith* a copy of the notice of appeal and of the docket entries to the clerk of the court of appeals named in the notice." (Emphasis added.) The only step the clerk must take before passing the necessary documents to the appellate court is to ascertain whether any judgment designated in the notice of appeal has been entered in compliance with Rules 58 and 79(a), Fed. R. Civ. Pro. Notes of Advisory Committee, 1979 Amendment. Nothing else in the Rules limits the specific duty of the clerk to process the appeal.[6]

 Rule 3 does require a party seeking appeal to conform to certain rules when filing its notice of appeal. For example, Rule 3(a) requires a party to file a notice of appeal with the clerk of the district court within the time allowed by Rule 4. Rules 3(c) and (e) require a party to provide certain information in the notice of appeal and to pay fees to the lower court clerk. However, "[a]n appeal shall not be dismissed for informality of form or title of the notice of appeal." Rule 3(c), Fed. R. App. Pro. Likewise, late payment of fees will not require dismissal of an appeal for lack of appellate jurisdiction. See Parissi v. Telechron, 349 U.S. 46 (1955); Gould v. Members of N.J. Division of Water Policy & Supply, 555 F.2d 340 (3d Cir. 1977). Rather, Rule 3 requires of the party seeking appeal "nothing other than the filing of a notice of appeal in the district court for the perfection of the appeal." Notes of Advisory Committee on Appellate Rules, 1967 Adoption. A reading of the duty of the would-be appellant with that of the clerk in no way mitigates the clerk's duty to process the notice of appeal.

The Third Circuit has taken a strict view of the clerk's duty in this regard, holding, for example, that:

---

[6] Likewise, nothing in the local court rules supports the position of respondent Smith. Title 4 V.I.C. § 381 states that the clerk of the Territorial Court shall "[i]ssue all process and notices required to be issued . . . [and] [e]xercise such other powers and perform such other duties as may be assigned . . . by the court."

1. The Clerk's office shall accept and retain every notice of appeal tendered whether or not accompanied by the filing fee, and shall note thereon the date and time of receipt.

Gould, supra at 342. The court also notes that the practice of the clerk's office in the District of New Jersey is to process any and all notices of appeal to the Third Circuit immediately without regard to whether it is timely filed or in any other way proper or improper. It is then the task of the appellate court to determine whether it has jurisdiction to consider the appeal, including whether the notice of appeal was timely filed. At that time the appellate court will consider all of the various rules imposed on the would-be appellant.

██ ██ This has been the standard practice for some time and reflects the trend of placing in the court of appeals "an increased practical control over the early steps in the appeal." Notes of Advisory Committee, 1979 Amendment. The basis for such practice is rooted in the fact that a timely filing of a notice of appeal is "mandatory and jurisdictional," United States v. Robinson, 361 U.S. 220, 229, 80 S.Ct. 282 (1960), divesting the lower court of its control over those aspects of the case involved in the appeal in all but a limited number of circumstances. Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985), citing Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S.Ct. 400, 402 (1982). As the Third Circuit pointed out in Venen, the purpose of such a rule is to "prevent[ ] the confusion and inefficiency which would of necessity result were two courts to be considering the same issue or issues simultaneously." Id. at 121. An even more fundamental purpose of the rule would be to ensure that a lower court does not, "by action not committed to its discretion, prevent[ ] a nascent controversy from being adjudicated and thereby defeat[ ] appellate review." United States v. Christian, 660 F.2d 892, 896 (3d Cir. 1981).

██ Respondents have failed to show the court how the mandate of Rule 3(d) is not in any way a "clearly defined and peremptory duty." According to respondent Smith's affidavit filed in support of her motion to dismiss the petition, "I can not process petitioner's notice of interlocutory appeal, dated June 6, 1990, inasmuch as said notice was not filed within thirty (30) days of the March 14, 1990 partial summary judgment order, nor did petitioner file a motion to reconsider within ten (10) days, of March 14, 1990, which would have 'tolled' the running of the time to appeal the March 14, 1990 order."

By making her own judgment as to whether or not VIHFA's notice of appeal was timely filed, respondent Smith has usurped the power of the appellate court to make its own determination on the question of appellate jurisdiction. This the court cannot allow and finds that respondent Smith violated her duty to process the notice of appeal when it was filed on June 6, 1990.

■ Complicating the position of respondent Smith is the fact that the Territorial Court, by order dated February 20, 1991, made its own ruling on the appealability of its interlocutory order of March 14, 1990, finding it was not appealable. For the same reasons as set forth above, the Territorial Court can not, of its own accord, decide whether an order is appealable or not. That is a matter for the appellate court to decide in determining whether or not it has jurisdiction to hear the appeal. However, since the Territorial Court Judge is not named as a respondent here, this court can not direct a writ of mandamus against him. The problem lies in the consequences that flow from this court ordering respondent Smith to process the appeal. She states in her affidavit that "if deponent attempted to process petitioner's appeal in the face of the February 20, 1991 Court order, she would be in contempt of Court."

■ The problem, however, is easily solved by the fact that this court's orders are superior in legal effect to that of any inferior court. This authority is necessarily implied by its jurisdictional mandate in the Revised Organic Act of 1954 §§ 21 and 22, as well as by general principles of law. When respondent Smith acts by order of this court to process petitioner's appeal, she will do so cloaked in the protection of this court's authority.

3. *No Other Adequate Remedy:* The court is unable to see how VIHFA can otherwise achieve its right to pursue its appeal in this matter. Indeed, the facts of this petition demonstrate why it is so important that a tool like a writ of mandamus exist—to force individuals, including an officer of the court, to act in accordance with their duty under the law and to effectuate the rights of a would-be appellant.

## CONCLUSION

■■ The court has carefully weighed the reasons for issuing a writ of mandamus against the clerk of the Territorial Court. It is well aware that a writ of mandamus is an extraordinary remedy that should not issue if there are other means of vindicating petitioner's

rights. The court is satisfied, however, that the test for issuing the writ in the face of this extraordinary situation has been met. Therefore, it will order Viola Smith, Clerk of the Territorial Court, to immediately process petitioner's June 6, 1990 notice of appeal and transmit the necessary documents to the District Court.

## ORDER

This matter having come before the court on the petition for a writ of mandamus ordering the Clerk of the Territorial Court to comply with Rule 3(d), Fed. R. App. Pro.; and

The court having considered the submissions of the parties and having heard oral argument on April 11, 1991; and

The court having made a preliminary determination that the petition merited an answer, see V.I. Housing Finance Authority v. Kendall, Misc. No. 91-16 (March 26, 1991), slip op.; and

For the reasons set forth in the opinion accompanying this order; and

For good cause shown;

IT IS this 15th day of April, 1991 hereby

ORDERED that the petition for a writ of mandamus is GRANTED. Viola Smith, Clerk of the Territorial Court, is hereby ORDERED to process petitioner's June 6, 1990 notice of appeal in the matter docketed at Terr. Ct. No. 1989/857 and immediately transmit the necessary documents to the District Court of the Virgin Islands, St. Thomas; and

FURTHER ORDERED that the Clerk of the District Court shall deliver a copy of this order to respondent Smith and counsel for the other parties appearing immediately upon receipt; and

FURTHER ORDERED that all proceedings in the Territorial Court are temporarily stayed pursuant to Fed. R. Civ. P. 62(g) in order to preserve the status quo for the reasons discussed in this court's March 26, 1991 opinion. The sole exception to the temporary stay is the Territorial Court's consideration of the V.I. Housing Finance Authority's June 18, 1990 motion to stay the proceedings.

No costs.