Ronald A. BROW Appellant,

v.

UNITED STATES DISTRICT COURT OF THE GOVERNMENT OF THE U.S. VIRGIN ISLANDS; Government of the Virgin Islands; Alexander Farrelly Governor; Lieutenant Governor Derek M. Hodge; Milton Frett, Former Commissioner of U.S.V.I.P.D.; Anthon L. Christian, Commissioner, U.S.V.I.P.D.; Joan P. Felix, Director of Internal Affairs; Police Corporal Desmond Crossley; Karen Andrews, Director of Personnel; Rudolph Krigger, Commissioner of Finance, G.E.S.C. and its Board Members; Clarence Heyliger; Thelma Dalmida; Angel Dawson; Hans Loessler; Vincent Frazer, and Successors, et al.

No. 04–1513.

United States Court of Appeals, Third Circuit.

Argued Dec. 14, 2004.

Decided Jan. 7, 2005.

Ronald A. Brow (Argued), Appellant, pro se.

Iver A. Stridiron, Elliott M. Davis, Richard S. Davis (Argued), Department of Justice, St. Thomas, U.S. Virgin Islands, for Appellees.

Before SLOVITER, FUENTES, and
GREENBERG, Circuit Judges.

## OPINION OF THE COURT

FUENTES, Circuit Judge.

Ronald Brow filed a petition for mandamus-like relief in the District Court, requesting that the Court direct the Virgin Islands Police Department to pay him back pay for the ongoing approximately ten-year period during which the administrative appeal of his allegedly wrongful dismissal has been pending. The District Court denied the petition after finding that Brow had failed to meet the high standard required in order to grant the extraordinary remedy because he has an adequate remedy in his current suit against the Department. We agree that Brow's current litigation in the District Court provides an adequate remedy by which he can seek the relief that he desires, thus precluding a grant of mandamus-like relief, and accordingly will affirm the District Court.

## I.

Ronald Brow ("Brow") alleges that he was wrongfully dismissed from work at the Virgin Islands police department on August 29, 1994, while litigating a dispute against the department. On the day Brow alleges to have been dismissed, he filed an appeal of the dismissal with the Government Employee Services Commission ("GESC," now known as the Public Employees Relations Board). The GESC provided Brow with a receipt acknowledging the filing of appeal. It is unclear whether the GESC ever held the required hearing, but it appears as though no such hearing took place, perhaps due to the ongoing litigation. That litigation remains in the discovery stage, approximately ten years after its filing,[1] and the original District Judge and Magistrate Judge have recently recused themselves in response to Brow's requests that they do so.

On December 19, 2003, Brow filed a petition for mandamus-like relief in the District Court, asking the Court to order the government to pay his salary from the day of his dismissal to the present.[2] He

---

1. Throughout the ten years, defendants have responded to some discovery requests, but not others, as detailed in the Appendices. *See* App. 72–119. The discovery history proceeded as follows: Written discovery was initially to be propounded by September 30, 1994. App. 30. The deadline for responding to discovery was first revised to extend to February 17, 1995, in order to allow the defendants to comply with outstanding discovery requests. App. 34–35. Next, the Magistrate ordered that the defendants respond to discovery by May 19, 1995 or be subject to sanctions. App. 42. A second revised discovery schedule, entered June 9, 1995, gave the defendants until June 24, 1995 to complete outstanding requests. App. 43. After a pretrial conference on September 28, 1995, which Brow (or any representative) failed to attend, the Magistrate extended the discovery deadline to October 20, 1995. App. 50. On March 21, 1996, the Magistrate ordered that the defendants provide some specific discovery requested by Brow by April 21, 1996. App. 57–58. On April 9, 1996, the Magistrate ordered that

Brow show cause why the matter should not be dismissed for failure to prosecute. App. 61. The resolution of this is unclear, but on May 6, 1998, the Magistrate ordered the defendants to comply with a portion of Brow's motion to compel discovery by June 6, 1998. On March 9, 2000, the Magistrate ordered particular defendants (GESC) to comply with discovery by March 29, 2000. Finally, on April 10, 2000, the Magistrate granted the government's request to extend the discovery deadline to May 31, 2000, after noting that the motion was untimely. The Court denied Brow's motion for sanctions.

This tortured timeline does appear to be, in large part, a result of the government's delay in cooperating with discovery. However, it appears that Brow may have propounded additional discovery during the period (although it is unclear) and that he was responsible for some of the delay.

2. It is not entirely clear from the face of Brow's petition exactly what relief he is seeking. It merely requests that the District Court

relied on GESC regulations, which state that, until GESC issues a decision in an appeal filed before it by an employee, an employer must continue paying the employee's salary.[3] The District Court rejected the mandamus petition because Brow had not shown a clear right to the relief sought, a plainly defined and peremptory duty on the government's part, and a lack of another adequate remedy. The Court found that Brow has an action pending before it against the same parties, based on the same facts, and asking for the same relief, and thus, that he had an adequate remedy. Brow appeals from the rejection of his mandamus petition.

## II.

In order to justify mandamus-like relief under 5 V.I.Code Ann. § 1361, "[a] plaintiff must have a clear right to the relief sought; there must be a plainly defined and peremptory duty to do the act in question; and there must be no other adequate remedy available." *King v. Mahogany Run Dev. Corp.*, 23 V.I. 274, 276 (D.V.I.1987) (citing *Richardson v. V.I. Hous. Auth.*, 18 V.I. 351, 356 (D.V.I.1981)). "An order of mandamus is an extraordi-nary remedy and should be granted only under compelling circumstances." *Richardson*, 18 V.I. at 356. "The extraordinary remedy of mandamus traditionally lies within the trial court's discretion. A trial court abuses its discretion when its decision is based on clearly erroneous factual findings or an incorrect legal standard. Whether each element of the three-part mandamus test is satisfied is a question of law." *Garcia v. Taylor*, 40 F.3d 299, 301 (9th Cir.1994).

It is unclear whether the District Court found that Brow had failed to meet all of the requirements for mandamus, as the government's brief suggests, or that it found that he failed at least one of them. This, however, is not important, as it is evident from the Court's opinion that it found that he failed on the last element-no adequate remedy-and, in any event, this Court reviews all of the elements *de novo*. We will start with the last element-that the petitioner has no adequate remedy-as it was explicitly discussed by the District Court.

The District Court found that Brow could not satisfy the "adequate remedy" element, as the courts provide an adequate

"issue a Writ of Mandamus, pursuant to 28 U.S.C. § 1651[and] 5 V.I.C. § 1361 to enforce the statutory requirements of 29 U.S.C. § 201 et seq [and] 3 V.I.C. § 530 et seq." Brow's affidavit attached to the petition states that payment of salary during a GESC appeal is required by law, that the GESC has failed in its duty to hold a hearing, that the District Court has refused to enforce § 530, that the District Court has told Brow that his "case will not move forward," and that the District Court has a duty to enforce its own (discovery) orders. The District Court construed the petition as requesting a Writ compelling payment of his salary pursuant to Rule 530–9, which was also attached to his petition along with his notice of appeal and the receipt for that notice. The petition could also be interpreted as asking for a Writ compelling the GESC to hold a hearing, but it seems to allege that failure in support of his back-pay claim

rather than as a prayer for such relief. Additionally, the petition could be read as asking the District Court to enforce its discovery orders, but such a Writ would have to be applied for in this Court and directed to the District Court. Thus, the most reasonable interpretation of the relief requested by Brow is the interpretation of the District Court-that the petition is for back-pay.

3. The GESC rule states "[i]n order to maintain the status quo during the pending appeal for disciplinary purposes, the employer shall continue to pay the employee his/her regular salary until the [GESC] makes a final decision." Code of U.S. Virgin Islands Rule 530–9. The Rule applies to the police department. *See, e.g., Reefer v. Gov't of V.I.*, 17 V.I. 373 (D.V.I.1980).

remedy for him to sue for his back pay, and he is, in fact, currently availing himself of that remedy. There can be no dispute that the courts offer a remedy, but, given the history of Brow's case, it may be argued that it is not an *adequate* remedy. The Supreme Court of Oregon has expounded upon the "adequacy" requirement:[4]

> We must concede it to be a fundamental principle that mandamus will not lie where there is a plain, speedy, and adequate remedy in the ordinary course of law. However, such remedy, to prevent the execution of the writ, must be "adequate" to afford the relief to which the relator is entitled. Moreover, the writ may issue even where other remedies exist, if they are not sufficiently speedy to prevent material injury.... There is much authority to the effect that it is the inadequacy, not the mere absence, of all other legal remedies, and the danger of a failure of justice without it, that generally determines the propriety of the issuance of a writ of mandamus.

*State ex rel. Pierce v. Slusher,* 117 Or. 498, 244 P. 540, 541 (1926). In the context of 28 U.S.C. § 1361, which is substantially similar to the Virgin Islands provision, the Supreme Court has stated that "the common-law writ of mandamus, as codified in § 1361, is intended to provide a remedy only if the plaintiff has exhausted all other avenues of relief." *Heckler v. Ringer,* 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984).

Brow's most forceful contention is that the District Court, by not enforcing its own discovery orders over the last ten years, has rendered inadequate the remedy of litigation. However, appeal appears to be correct avenue for correction of this alleged abuse. If an extreme solution were required because appeal was deemed too onerous or ineffective, the appropriate remedy would be a mandamus petition to this Court to force the District Court to enforce its discovery orders.[5] In either case, the granting of this mandamus petition, filed in the District Court and aimed at the Commissioner of Finance, among other government officials, is not necessary in order to provide Brow an adequate remedy for his back-pay claim. Therefore, we agree with the District Court that Brow has not carried his burden of showing that no adequate remedy exists for him to attain the relief that he desires.

**4.** "[Section] 1361 was based on section 2, chapter 53, title III, of the 1921 Codes of the former municipalities. The municipal codes of 1921 were largely taken from the law of Alaska, and this section was taken verbatim from section 1385 of the Compiled Laws of the Territory of Alaska, 1913, which had likewise been taken without change from the law of Oregon." *Felix v. Gov't of V.I.,* 167 F.Supp. 702, 713 (D.C.V.I.1958) (footnote omitted). Therefore, cases interpreting the Alaska and Oregon mandamus-like provisions are highly persuasive here.

**5.** A Texas state court of appeals stated the question regarding adequacy of appeal with respect to discovery orders as follows:

> Generally, the right to appeal the imposition of a particular discovery sanction is an adequate remedy precluding mandamus relief. An appellate remedy is not inadequate merely because it might involve more delay or cost than mandamus. However, a party will not have an adequate remedy by appeal where the party's ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's discovery order. It is not enough to show merely the delay, inconvenience, or expense of an appeal; rather, the relator must establish the effective denial of a reasonable opportunity to develop the merits of his or her case, so that the trial would be a waste of judicial resources.

*In re Adkins,* 70 S.W.3d 384, 389 (Tex.Ct.App. 2002) (citations omitted).

## III.

As discussed above, Brow has failed to show that he has no adequate remedy for the requested relief, obviating the need to consider the other requirements for mandamus to be issued. Accordingly, there was no abuse of discretion, and the denial of the mandamus petition by the District Court will be affirmed.