

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-6-1995

# Gov't of VI v Warner

Precedential or Non-Precedential:

Docket 94-7381

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation

"Gov't of VI v Warner" (1995). *1995 Decisions.* Paper 34.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/34

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


Nos. 94-7381 and 94-7289


GOVERNMENT OF THE VIRGIN ISLANDS

v.

ELVETH WARNER
                    Appellant in No. 94-7381


GOVERNMENT OF THE VIRGIN ISLANDS

v.

JACQUELINE MONSANTO-SWAN
                    Appellant in No. 94-7289


On Appeal from the Appellate Division of the
District Court of the Virgin Islands -- St. Thomas
(D.C. Nos. 92-cr-00135 and 93-cr-00211)


No. 94-7289 Submitted Pursuant to Third Circuit LAR 34.1(a)
December 8, 1994

No. 94-7381 Argued December 8, 1994

BEFORE:  SLOVITER, <u>Chief</u> <u>Judge</u>
SCIRICA and COWEN, <u>Circuit</u> <u>Judges</u>

(Filed February 6, 1995)

Pamela L. Wood (argued)
Office of Attorney General of
 Virgin Islands
Department of Justice
8050 Kronprindsens Gade, Suite 1
Charlotte Amalie, St. Thomas
USVI,  00802

                    COUNSEL FOR GOVERNMENT OF THE
                    VIRGIN ISLANDS, Appellee (No. 94-7381)

Augustin Ayala (argued)
Office of Public Defender
P.O. Box 6040
Charlotte Amalie, St. Thomas
USVI,  00804

                    COUNSEL FOR ELVETH WARNER,
                    Appellant (No. 94-7381)

Robert W. Bornholt
Office of Attorney General of
 Virgin Islands
Department of Justice
8050 Kronprindsens Gade, Suite 1
Charlotte Amalie, St. Thomas
USVI,  00802

                    COUNSEL FOR GOVERNMENT OF THE
                    VIRGIN ISLANDS, Appellee (No. 94-7289)

Rhys S. Hodge
Law Office of Rhys S. Hodge
19 Norre Gade
P.O. Box 6520
Charlotte Amalie, St. Thomas
USVI,  00804

                    COUNSEL FOR JACQUELINE MONSANTO-SWAN,
                    Appellant (No. 94-7289)


**OPINION**


COWEN, <u>Circuit</u> <u>Judge</u>.


        Elveth Warner and Jacqueline Monsanto-Swan, in two related cases, appeal from orders of the Appellate Division of the District Court of the Virgin Islands that dismissed their appeals for lack of jurisdiction.  These two cases present

essentially the same issue of jurisdiction: whether the appellate division has jurisdiction to entertain an appeal of a defendant who has pled guilty where the defendant claims an error in the sentencing procedure.  Accordingly, we will address the two cases together.  Because the appellate division erred in determining that it lacked jurisdiction to hear these appeals, we will reverse.

I.

A.  Government of the Virgin Islands v. Warner

Elveth Warner was arrested and charged with possession of a controlled substance in violation of V.I. Code Ann. tit. 19, § 607(a).  He pled guilty to this charge on September 8, 1989.  At sentencing, which did not take place until May 5, 1993, Warner contended that he was prejudiced by a lengthy delay between his plea of guilty and sentencing.  According to the Government, the reason for the delay was that when this matter was first scheduled for sentencing, Warner did not appear and failed to inform either the court or his attorney as to his whereabouts.

The Territorial Court of the Virgin Islands sentenced Warner to a suspended 6 month period of incarceration, 400 hours of community service, a $700 fine, $25 in court costs, and placed him on supervised probation for one year.[1]  On appeal to the

_____

[1].  The territorial court stayed imposition of this sentence pending appeal.  Government of the Virgin Islands v. Warner, Crim. No. 290-89 (Terr. Ct. V.I.  May 26, 1993).  Accordingly, this matter is not moot.

Appellate Division of the District Court of the Virgin Islands, Warner renewed his argument that he was prejudiced by the lengthy delay between his plea and sentencing.  The appellate division dismissed the appeal for lack of jurisdiction.  This appeal followed.

      B.   <u>Government of the Virgin Islands v. Monsanto-Swan</u>

Jacqueline Monsanto-Swan was arrested and charged with misappropriating public monies to her own use in violation of V.I. Code Ann. tit. 14, § 1662(1), and altering a check in violation of V.I. Code Ann. tit. 14, § 791(1).  Monsanto-Swan pled guilty to count seven of a nine count information in exchange for the Government dismissing the remaining eight counts.  Count seven concerned the misappropriation of two checks worth an aggregate amount of $2,028.49.  At the change of plea hearing before the Territorial Court of the Virgin Islands, the Government advised the court that it would make a recommendation for sentencing.

Shortly prior to the date of sentencing, the Government filed a motion seeking restitution from Monsanto-Swan pursuant to V.I. Code Ann. tit. 5, § 3721.[2]  The Government moved the

---

[2].  Section 3721 states:

If a person is convicted of a crime and is otherwise eligible, the court, by order, may withhold sentence or impose sentence and stay its execution, and in either case place the person on probation for a stated period, stating in the order the reasons therefor, and may impose any conditions of the probation which appear to be reasonable and appropriate to the court.  If the court places the person on probation, the court shall require restitution designed to compensate the victim's pecuniary loss

territorial court to require $96,586.42 in restitution, the total of the various amounts alleged in the information. Count seven, however, involved only the sum of $2,028.49. In her response to the motion for restitution, Monsanto-Swan agreed not to oppose the Government's request for the larger amount, provided the sentence be imposed pursuant to V.I. Code Ann. tit. 5, § 3721, and provided that the court permit a sufficient period of time for making restitution. The territorial court accepted the Government's motion as unopposed and supported by Monsanto-Swan, and stated that it was going to withhold sentence pursuant to § 3721 because Monsanto-Swan was expecting a baby. The court, however, required Monsanto-Swan immediately to begin making restitution.

Prior to the new date set for sentencing, Monsanto-Swan had already paid $8,000 in restitution to the Government. At sentencing, Monsanto-Swan contended that her agreement to pay the full amount of restitution entitled her to a sentence under § 3721, a sentence that would not include incarceration as a

(..continued)
resulting from the crime to the extent possible, unless the court finds there is substantial reason not to order restitution as a condition of probation. If the court does not require restitution to be paid to a victim, the court shall state its reason on the record. The court may require that restitution be paid to an insurer or surety or government entity which has paid any claims or benefits to or on behalf of the victim. If the court does require restitution, it shall specify the amount.
    If the court does require restitution, it shall require the person or defendant to pay a surcharge equal to 5 percent of the amount of restitution to the clerk of the court for administrative expenses under this section.

V.I. Code Ann. tit. 5, § 3721 (Supp. 1993)

component.  Over Monsanto-Swan's objection, however, the territorial court sentenced her to four years imprisonment.

Monsanto-Swan appealed this sentencing issue to the Appellate Division of the District Court of the Virgin Islands. The appellate division dismissed the appeal for lack of jurisdiction.  Her appeal also followed.

## II.

Jurisdiction in the Territorial Court of the Virgin Islands was predicated upon V.I. Code Ann. tit. 4, § 76(b) (1993 Supp.).  The Appellate Division of the District Court of the Virgin Islands dismissed this case for lack of jurisdiction.  We exercise jurisdiction pursuant to 48 U.S.C. § 1613a(c) (1988).

## III.

Both Warner and Monsanto-Swan contend that the appellate division erred in dismissing their claims for lack of jurisdiction.  According to the defendants, Congress provided that local law would determine the jurisdiction of the appellate division of the district court.  Nevertheless, the defendants argue, local law cannot deny review of rights based on the United States Constitution.  We agree.

This Court exercises plenary review over questions of jurisdiction. Boarhead Corp. v. Erickson, 923 F.2d 1011, 1016 (3d Cir. 1991).  Title 48, § 1613a of the United States Code provides for the jurisdiction of the Appellate Division of the

District Court of the Virgin islands.  This provision states, in
pertinent part:

> Prior to the establishment of the appellate court
authorized by section 1611(a) of this title,
> the District Court of the Virgin Islands shall have
>> such appellate jurisdiction over the courts of the
>> Virgin Islands <u>established by local law</u> to the
> extent now or hereafter prescribed by local law:
> <u>Provided</u>, That <u>the legislature may not preclude the
> review of any judgment or order which involves the
> Constitution</u>, treaties, or laws of the United States,
> including this chapter . . . .

48 U.S.C. § 1613a(a) (1988) (first and third emphasis added).

Accordingly, we must look to local law to determine the

jurisdiction of the appellate division of the district court.

The applicable local law conferring jurisdiction upon

the appellate division of the district court is V.I. Code Ann.

tit. 4, § 33.  That section provides, in relevant part:
> The district court has appellate jurisdiction to review
> the judgments and orders of the territorial court in
> all civil cases, in all juvenile and domestic relations
> cases, and in all criminal cases in which the defendant
> has been convicted, <u>other than on a plea of guilty</u>.

V.I. Code Ann. tit. 4, § 33 (Supp. 1993) (emphasis added).

According to the plain language of this statute, defendants who

have pled guilty do not have an appeal to the appellate division

of the district court.  The appellate division relied on this

provision in dismissing the appeals of Warner and Monsanto-Swan.

<u>Jacqueline Monsanto-Swan v. Government of the Virgin Islands</u>, No.

92-211, slip op. at 6-7 (D.V.I. App. Div. May 2, 1994);  <u>Elveth

Warner v. Government of the Virgin Islands</u>, No. 93-135, at 2 n.1

(D.V.I. App. Div. June 16, 1994) (order of dismissal) (relying on

Jacqueline Monsanto-Swan, No. 92-211 (D.V.I. App. Div. May 2, 1994)).  According to the appellate division, because Warner and Monsanto-Swan pled guilty, it lacked jurisdiction.  Id.  We disagree.

Warner and Monsanto-Swan allege error in the sentencing procedure, not errors that occurred prior to pleading guilty. Taken literally, of course, § 33 does not distinguish between errors prior to the guilty plea and errors in sentencing. Indeed, as a matter of interpretation of this statute, we would find it difficult to conclude that the appellate division had jurisdiction to hear this appeal.  However, in the Revised Organic Act, Congress provided that local law cannot "preclude the review of any judgment or order which involves the Constitution, treaties, or laws of the United States."  48 U.S.C. § 1613a(a).  Therefore our inquiry must focus on whether the operation of § 33 in these cases creates such a result.

In the cases at hand, both Warner and Monsanto-Swan articulate colorable constitutional claims.  Warner contends that his sentence was imposed in violation of the Sixth Amendment. Warner correctly argues that the Sixth Amendment right to a speedy trial applies through sentencing.  Burkett v. Cunningham, 826 F.2d 1208, 1220 (3d Cir. 1987).  Warner asserts that a delay in sentencing for over three and one half years, from September 8, 1989 to May 5, 1993, violated his right to a speedy trial. While we do not pass on the merits of Warner's claim, we hold that Warner's appeal raises a constitutional issue.  Pursuant to

§ 1613a(a), the local law of the Virgin Islands cannot preclude review of this constitutional issue.

Similarly, Monsanto-Swan's appeal raises a colorable constitutional claim. Monsanto-Swan argues that the Government sought $96,586.42 in restitution. According to Monsanto-Swan, this figure reflects the total of various restitution amounts charged in the information, not the restitution for the single charge to which she pled guilty. Monsanto-Swan asserts that she agreed to the larger amount of restitution in exchange for an agreement by the court to sentence her pursuant to § 3721, a statute which speaks only about restitution and not about incarceration.[3] Monsanto-Swan argues that she would not have agreed to such a large amount of restitution if she were aware that she could receive a period of incarceration in addition to this restitution.

In essence, Monsanto-Swan is alleging a violation of due process in the court's reneging on an alleged agreement as to sentencing. Courts have recognized, in the context of a guilty plea, that where the court accepts a plea agreement, it cannot "`impose a sentence greater than that agreed upon.'" United States v. Burruezo, 704 F.2d 33, 38 (2d Cir. 1983) (quoting United States v. Mack, 655 F.2d 843, 847 n.4 (8th Cir. 1981)). While we express no position as to the strength of Monsanto-Swan's due process claim, particularly because her allegations involve sentencing and not the guilty plea proceeding, we find

[3]. See supra note 2 for the text of this statute.

that Monsanto-Swan's allegations implicate a constitutional issue.  Accordingly, we conclude that the local law of the Virgin Islands may not preclude review of her claim.

Given that both Warner and Monsanto-Swan allege colorable constitutional claims, we are called upon to determine whether the operation of V.I. Code Ann. tit. 4, § 33 in the matters at hand precludes review of these constitutional claims. The appellate division reasoned that because 48 U.S.C. § 1613a(a) does not state that direct review is required, dismissal of this action does not entirely preclude review of any alleged constitutional violations.  Jacqueline Monsanto-Swan, No. 92-211, slip op. at 7 n.6; Elveth Warner, No. 93-135, at 2 n.1 (order of dismissal) (relying on Jacqueline Monsanto-Swan, No. 92-211 (D.V.I. App. Div. May 2, 1994)).  According to the appellate division, Warner and Monsanto-Swan can still bring a collateral proceeding, pursuant to local law, to challenge their sentences. Id.

We are unpersuaded by the appellate division's reasoning.  Concededly, the language of § 1613a(a) does not, by its own terms, state whether Congress believes collateral review to be sufficient to protect the constitutional rights at stake. We believe, however, that Congress did not intend to force a criminal defendant to institute a collateral proceeding in order to obtain review of such rights.

A prisoner's rights in a habeas corpus proceeding are more limited than on direct appeal.  For example, the Supreme Court has determined that while the Constitution guarantees the

right to counsel on direct appeal, it does not guarantee the right to counsel in a habeas petition. Wright v. West, ___ U.S. ___, 112 S. Ct. 2482, 2490 (1992) (citing Douglas v. California, 372 U.S. 353, 355-58, 83 S. Ct. 814, 815-17 (1963)); Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S. Ct. 1990, 1993 (1987). The Supreme Court has also explained that while defendants whose direct appeals are pending get the benefit of new constitutional rules of criminal procedure, a new constitutional rule is not applicable to collateral proceedings unless the rule falls within certain narrowly defined exceptions. See Teague v. Lane, 489 U.S. 288, 310-12, 109 S. Ct. 1060, 1075-76 (1989). According to the Court, these differences "simply reflect the fact that habeas review `entails significant costs.'" Wright, ___ U.S. at ___, 112 S. Ct. at 2491 (citing Engle v. Isaac, 456 U.S. 107, 126, 102 S. Ct. 1558, 1571 (1982)). We conclude that the more limited rights provided to a prisoner on collateral review are insufficient to give proper effect to the language of § 1613a(a) that requires a forum for review of issues involving the Constitution. Therefore, we hold that the local law of the Virgin Islands cannot operate to deny these parties a direct appeal to the appellate division.

Accordingly, we will reverse the orders of the appellate division which dismissed these appeals for lack of jurisdiction and remand these cases back to that court for further consideration on the merits.[4]

---

[4]. To the extent that Monsanto-Swan asserts other claims that do not involve the United States Constitution, a treaty, or federal

(..continued)
law, we find that the appellate division of the district court
was correct in dismissing such claims for lack of jurisdiction.
Since the appellate division dismissed all of Monsanto-Swan's
claims without deciding which ones involved constitutional
issues, we leave to that court the task of categorizing Monsanto-
Swan's claims into those that involve constitutional issues, and
those that do not.  Because Warner's sole claim on appeal
involves the right to a speedy trial, a constitutional right, we
simply direct that the appellate division exercise its
jurisdiction to hear this claim.