**KIM D. DAWSEY, Petitioner**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Respondent,**
**HONORABLE TERRITORIAL**
**COURT JUDGE BRENDA J. HOLLAR, Nominal Respondent**

District Court Civ. No. 129-95

Terr. Ct. Crim. No. 232/1995

District Court of the Virgin Islands

Div. of St. Thomas and St. John

Appellate Division

November 13, 1995

CHARLES HERNDON, ESQ., *for Petitioner*

RICHARD DAVIS, ESQ., Assistant Attorney General, *for Respondent*

LEON KENDALL, ESQ., General Counsel, Territorial Court, *for Nominal Respondent*

BEFORE: THOMAS K. MOORE, *Chief Judge*, District Court of the Virgin Islands; RAYMOND L. FINCH, *District Court Judge for the*

*District of the Virgin Islands;* and ALPHONSO G. ANDREWS, *Territorial Court Judge,* Division of St. Croix, Sitting by Designation.

## MEMORANDUM

PER CURIAM

This matter is before the Court upon petition by Kim D. Dawsey for writ of mandamus on the ground that the nominal respondent, Territorial Court Judge Brenda J. Hollar, has erroneously refused to grant the Government's motion for dismissal of the criminal charges filed against him. Judge Hollar has moved to dismiss the petition based on lack of jurisdiction, failure to state a claim upon which relief can be granted, and because the petition is somehow inappropriate. While this Court will rule on the motion to dismiss, we will withhold ruling on the petition and will request information on the present status of the criminal action below. Upon receipt of this information, we will be able to determine whether the nominal respondent may already have taken action which would make further proceedings unnecessary.

The facts, as asserted by the parties, indicate that petitioner was involved in domestic violence, was arrested on May 6, 1995, and was charged with aggravated assault and battery in violation of V.I. CODE ANN. tit. 14, § 298. After the Government did further investigation, it filed a motion to dismiss the criminal matter on July 9, 1995[1] supported by an affidavit from the Assistant Attorney General prosecuting the case. Among the reasons recited by the Government in the affidavit as the basis for the requested dismissal, counsel stated that the victim no longer wishes to pursue the matter, that the victim, a minor and child of the petitioner, has recanted his original factual rendition of the incident and has provided a different version which has been verified by another individual. After consulting with the victim's psychologist, who substantiated the new version of the incident, counsel indicated that the Government intended to pursue the matter in the Territorial Court's Family Division. *Government of the Virgin Islands v. Dawsey,* Terr. Ct. Crim. No. 232/1995, Affidavit of Deborah Kleinman Robinson dated July 11, 1995.

---

[1] Petitioner and the Government claim that the Motion to Dismiss was filed on July 6, 1995, while the Territorial Court contends that the Motion was filed on July 9, 1995.

Petitioner moved for expedited review of the Government's motion to dismiss on July 17, 1995, and on July 26th, the nominal respondent ordered the Government to demonstrate "that the dismissal is not 'contrary to the public interest' and that the motion is made in 'good faith.'" *Government of the Virgin Islands v. Dawsey,* Terr. Ct. Crim. No. 232/1995, Order dated July 26, 1995 (citing *United States v. Cowan,* 524 F.2d 504 (5th Cir. 1975)). The nominal respondent required the Government to submit affidavits from the victim and his mother "setting forth what portion of the original version of the facts is false; the reason they wish to discontinue the present action; whether they have been threatened or coerced in any manner regarding the prosecution of this matter; and whether their present position, not to pursue this matter, has been influenced in any way by the defendant." The judge also ordered the prosecutor to produce statements from additional witnesses, including a statement from the psychologist explaining "why he believes the complaining witness concocted the original version."

Petitioner responded by filing this petition for a writ of mandamus. On August 2, 1995, General Counsel for the Territorial Court, on behalf of Judge Hollar, filed a motion to dismiss the petition, contending that this Court lacks subject matter jurisdiction over petitions for writ of mandamus because 5 V.I.C. § 1361 no longer gives the Appellate Division of the District Court any authority over the Territorial Court. This Court took the matter under advisement on September 22, 1995.[2]

■ There absolutely can be no doubt that the Appellate Division has the power and jurisdiction to hear and determine petitions for writs of mandamus to the judges of the Territorial Court. The Virgin Islands Code states that "[t]he district court may . . . issue writs and make mandatory orders and all other orders necessary or appropriate in aid of its original or **appellate jurisdiction**" over matters appealed from the Territorial Court. 4 V.I.C. § 34 (empha-

---

[2] The Government moved for leave to file an *amicus* brief. Because the motion was made before the petition went to the panel for review, the brief is currently on file, and no prejudice will result from allowing consideration of the Government's brief, we will make an exception and grant the leave.

sis added).[3] It is similarly crystal clear that no appeal need be pending, if immediate appellate review is not available by alternative means.[4] Because petitioner has no opportunity to appeal the Territorial judge's decision since this matter is not a 'final order' and not subject to direct appeal, this Court has jurisdiction over the petition "in aid of its . . . appellate jurisdiction . . . ." *Id.*

■ Having shown this Court's jurisdictional authority, we now turn to respondent's next two challenges, namely, that (1) the petition is inappropriate and thus fails to state a claim upon which relief can be granted and that, more importantly, (2) the petition has been made moot by the Territorial Court's subsequent Order.[5] If the Petition has been mooted by the Territorial Court's subsequent Order, then this Court will refrain from further review. If, however, the appropriateness of the Territorial Court's reluctance to dismiss the action is still at issue, then this Court must determine whether the respondent judge has erred in her refusal to grant the Government's motion for dismissal. For example, we do not know whether the Government has supplied the additional filings required under the nominal respondent's July 26th Order, and if a response has been filed, we do not have a copy, nor do we know if the judge has issued any subsequent orders. Because several months have elapsed since the filing of the petition, in part due to the effects of Hurricane Marilyn, we are hopeful that the

---

[3] Section 23A(a) of the Revised Organic Act of 1954, 48 U.S.C. § 1613a(a). The Revised Organic Act of 1954 is found at 48 U.S.C §§ 1541-1645 (1995), *reprinted in* V.I. Code Ann., Historical Documents, 73-177 (codified as amended) (1995) ["Revised Organic Act"]. Section 23A is the basis for the Legislature's enactment of 4 V.I.C. § 34, subsection (a) of which states that, until the Legislature establishes an appellate court to handle appeals from the Territorial Court, "the District Court of the Virgin Islands shall have such appellate jurisdiction over the courts of the Virgin Islands established by local law to the extent now or hereafter prescribed by local law . . . ."
We need not reach the question whether the transfer of original jurisdiction implicitly repealed 5 V.I.C. § 1361 since our authority to issue the writ is clear under 4 V.I.C. § 34. We only note that the Legislature may not preclude review of a judgment which involves a constitutional right. *See Government of the Virgin Islands v. Warner, 48 F.3d 688, 693 (3d Cir. 1995).*

[4] *La Buy v. Howes Leather Co.,* 352 U.S. 249 (1957); *see Virgin Islands Housing Finance Authority v. Smith,* 26 V.I. 248, 252-53 (D.V.I. App. 1991) *remanded and dismissed as moot,* No. 91-3229 (3d Cir. 1992).

[5] To determine whether mandamus is appropriate or whether the petition states a claim upon which relief can be granted, this Court must examine the substantive issue. Accordingly, we find that dismissal based on these grounds would be premature.

113

issue is now moot. If not, this Court, armed with the information it is requesting, will be in a position to rule on the merits of the petition. A separate order follows.

## ORDER

PER CURIAM

AND NOW, this 13th day of November, 1995, having considered the submissions of the parties; and for the reasons set forth in the Court's accompanying Memorandum of even date;

IT IS ORDERED:

THAT the motion to dismiss is DENIED,

THAT the Government's motion for leave to file its brief is GRANTED and the brief is deemed filed *nunc pro tunc*,

THAT, no later than November 22, 1995, the parties shall file with this Court a report no more than 5 pages in length explaining the history of this matter in the Territorial Court since nominal respondent's July 26th Order and current status of this matter, and

THAT, no later than November 17, 1995, the Clerk of the Territorial Court shall prepare and file with this Court a certified list of docket entries filed in Criminal No. 232/1995, together with copies of any orders and/or opinions entered in this matter after July 26, 1995.