**ROBERT G. SKINNER and SUSAN M. SKINNER, Petitioners**

**v.**

**MICHAEL JOSEPH, Respondent**
**HONORABLE TERRITORIAL COURT JUDGE IVE A. SWAN,**
**Nominal Respondent**

D. Ct. Civ. No. 132-95

Terr. Ct. Civ. No. 619/1994 (St. X)

District Court of the Virgin Islands

Div. Of St. Thomas and St. John

Appellate Div.

April 25, 1996

SUSAN M. SKINNER, ESQ., AND ROBERT G. SKINNER, ESQ., St. Croix, U.S.V.I., *Petitioners, pro se*

GERALD T. GRONER, ESQ., St. Thomas, U.S.V.I., *for Respondent*

LEON KENDALL, ESQ., General Counsel Territorial Court, St. Thomas, U.S.V.I., *for Nominal Respondent*

MOORE, *Chief Judge*

### MEMORANDUM

PER CURIAM
This matter is before the Court upon petition by Robert and

153

Susan Skinner ["Skinners"] for a writ of mandamus on the ground that the nominal respondent, Territorial Court Judge Ive A. Swan, has erroneously refused to act on the Skinners' motion for dismissal, or in the alternative, for summary judgment.[1] Judge Swan has moved to dismiss the petition based on lack of jurisdiction, failure to state a claim upon which relief can be granted, and because the petition is somehow inappropriate. Our mandamus jurisdiction over the Territorial Court being clear,[2] we will deny the motion to dismiss and address the merits of the petition.

The Skinners filed a Verified Complaint in the Territorial Court on August 1, 1994 (alleging fraud, misrepresentation, breach of covenants of title, breach of contract, specific performance, and damages).[3] Respondent Joseph, defendant in the lower court action, filed an answer and counterclaim. The Skinners moved to dismiss the counterclaim, or in the alternative, for summary judgment on September 9, 1994, which was actively contested on Dec. 21, 1994.[4] The Skinners responded to Joseph's Opposition on January 4, 1995 and moved for expedited ruling. On April 14, 1995, the Skinners moved to place the funds, $1,100 a month in rental payments, into an interest bearing account pending resolution of the litigation. Joseph filed his non-opposition to the Skinners' motion on April 20, 1995. On July 10, 1995, the Skinners wrote to Judge Swan, asking for immediate action on both the motion to dismiss the counterclaim and the motion to place the funds into an interest-bearing account. They indicated that if the Judge did not address the pending motions within 20 days, they would file this

---

[1] The Skinners also based their petition on the ground that Judge Swan had not acted on their motion to place funds into an interest bearing account. This issue has since been resolved. The funds were ordered placed in such an account on August 1, 1995.

[2] We deny the motion to dismiss the petition for lack of subject matter jurisdiction on the basis of our ruling in *Dawsey v. Government of the Virgin Islands*, V.I. BBS 95CI129A.DT2, slip op. at 4-5 (D.V.I. APP. Nov. 13, 1995).

[3] Although the complaint in this case was filed in the St. Croix Division of the Territorial Court, it was transferred on August 18, 1994 to the St. Thomas division and assigned to Judge Ive A. Swan in accordance with the practice of the court that, where local attorneys are the litigants, the case is assigned to a judge before whom they do not routinely appear.

[4] The Opposition consisted of a forty-seven page Memorandum, not including exhibits. In between filing of the Motion and Opposition, various other motions were filed.

petition. Judge Swan entered an Order dated July 12, 1995, referring the parties to mediation on Sept. 5, 1995 pursuant to Terr. Ct. R. 40. The Skinners moved to dispense with mediation about July 24, 1995, stating that only a question of law exists, which is in essence a declaratory remedy, making mediation inappropriate pursuant to Terr. Ct. R. 40(d)(2). They added that neither party was willing to negotiate settlement, and that the imposition of additional delay and expense would be unfair.

Petitioners filed this mandamus petition on August 1, 1995, and the General Counsel for the Territorial Court, on behalf of Judge Swan, on August 11, 1995, filed a motion to dismiss the petition for lack of subject matter jurisdiction. This Court took the matter under advisement on September 22, 1995.[5]

We first discuss the strict requirements for issuing a writ of mandamus over a lower court judge where judicial discretion is involved. Finding no abuse of discretion or cognizable error, we dismiss the petition.

## ■ The Writ of Mandamus — Requirements

We have earlier ruled that the Appellate Division has undoubted power and jurisdiction under 4 V.I.C. § 34 to hear and determine petitions, "issue writs . . . and make mandatory orders and all other orders necessary or appropriate in aid of its . . . appellate jurisdiction" over the judges of the Territorial Court. *Dawsey v. Government of the Virgin Islands*, 903 F. Supp. 878, 880 (D.V.I. APP. Nov. 13, 1995). The Supreme Court has summarized the remedy of the writ:

> The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations. As we have observed, the writ "has traditionally been used in the federal courts only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" And, while we have not limited the use of mandamus by an unduly narrow and technical understanding of what constitutes a matter of

---

[5]Joseph filed his opposition to the petition on August 22, 1995, mainly arguing that the Skinners' are actually petitioning this Court to rule in their favor. Additional supportive filings have been docketed.

"jurisdiction," the fact still remains that "only exceptional circumstances amounting to a judicial 'usurpation of power' will justify the invocation of this extraordinary remedy."

*Kerr v. United States*, 426 U.S. 394, 402 (1976) (citations omitted). One of the consistent prerequisites for granting this most discretionary of writs is a showing by the petitioner that the lower court has committed a "clear abuse of discretion." *Mallard v. United States District Court*, 490 U.S. 296, 309 (1989); accord *United States v. Wexler*, 31 F.3d 117, 128 (3d Cir. 1994) (citations omitted).

## ■■ Application of the Requirements

We start from the premise that the Territorial Court is not cloaked with unbridled discretion to delay an ordinary civil action simply due to a congested docket or because the case is not assigned a high priority requiring quick resolution, such as a criminal prosecution or an action seeking emergency relief. Pressures of a heavy docket may not be used as an excuse to stall justice and deny ordinary civil litigants the right of reasonable access to the courts. Applying this basic precept to the relatively short history of this case, we nevertheless cannot find that there has been unreasonable delay by Judge Swan in the handling of this particular matter. Although the Skinners filed their motion to dismiss more than a year ago, both parties continued actively to file pleadings contesting the issues raised in the motion. For example, the Skinners filed a pleading as recently as eight months before they filed this petition for extraordinary relief.

The Skinners simply have not met their burden of showing that the nominal respondent has abused his discretion in the handling of their case. The Skinners' action in this particular instance is premature based on our finding that the Territorial Court Judge's handling of this particular case has not unreasonably delayed petitioners' clear and indisputable right of access to the courts.[6] A separate order follows.

Dated this 25th day of April 1996.

---

[6] Other than the claim of delay, the Skinners do not suggest that the Territorial Court Judge has acted arbitrarily or improperly in handling their claim.

**ORDER**

PER CURIAM

AND NOW, this 25th day of April, 1996, having considered the submissions of the parties; and for the reasons set forth in the Court's accompanying Memorandum of even date;

IT IS ORDERED:

THAT the motion to dismiss is DENIED, and

THAT the petition for writ of mandamus is DENIED without prejudice.