

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-11-2002

# Govt of VI v. Quetel

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1134

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Govt of VI v. Quetel" (2002). *2002 Decisions.* Paper 345.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/345

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-1134
_____

GOVERNMENT OF THE VIRGIN ISLANDS

v.

LORRAINE QUETEL,

Appellant

On Appeal from the District Court
of the Virgin Islands, Appellate Division
(D.C. Crim. App. No. 01-cr-00063-1)

District Judges:  The Honorable Raymond L. Finch; the Honorable Thomas K. Moore;
and the Honorable Maria M. Cabret, Territorial Court Judge, sitting by designation
_____

Argued, Wednesday, May 15th, 2002

Before: AMBRO and FUENTES, Circuit Judges, and GARTH, Senior Circuit Judge

(Opinion Filed: June 11, 2002)

IVER A. STRIDIRON, ESQ.
Attorney General
ELLIOTT McKIVER DAVIS, ESQ.
Solicitor General
DOUGLAS J. JUERGENS, ESQ.
Solicitor General
MAUREEN P. CORMIER (ARGUED)
Assistant Attorney General
Department of Justice
48B-50C Kronsprindsens Gade
GERS Building, 2nd Floor
St. Thomas, USVI 00802
Counsel for Appellee

FREDERICK G. WATTS, ESQ. (ARGUED)
WATTS & BENHAM, P.C.
No. 1 Frederiksberg Gade
P.O. Box 11720
St. Thomas, VI 00801-4720
Counsel for Appellant

_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge:
    Lorraine Quetel appeals the District Court's dismissal, for lack of jurisdiction, of
her motion for a reduction of her sentence. Because we agree with the Appellate Division

of the District Court that it lacked jurisdiction to hear Quetel's appeal, we will affirm.

I

On February 4, 1998, Lorraine Quetel was arrested, along with her cousin, Lydia Magras. Both Quetel and Magras were partners in the Bon Voyage Travel Agency, located on St. Thomas.

On February 11, each was charged with one count of violating the Virgin Islands' Criminally Influenced and Corrupt Organizations Act ("CICO"), 14 V.I.C. 600, et. seq., and 28 counts of embezzlement pursuant to 14 V.I.C. 1093 & 1094(a)(2). The charges arose from Quetel's embezzlement of $1.7 million from her employer, L.S. Holdings, Inc. d/b/a/ Little Switzerland, where Quetel worked as a bookkeeper.

On May 13, 1998, Quetel pled guilty in the Territorial Court to one count of embezzlement. Quetel was sentenced to ten years incarceration, the maximum penalty allowed under the statute, with four years of her sentence suspended by the trial court. The Territorial Court did not impose any order of restitution.

Quetel subsequently made a post-verdict motion for a reduction of sentence, pursuant to Rule 136 of the Territorial Court. In support of her motion, Quetel relied on her offer to make restitution in the amount of $300,000 in addition to her previous acts of restitution. Including her previous offer at her sentencing, Quetel's restitution offer was approximately $450,000. The trial judge denied Quetel's motion, finding that Quetel's sentence was neither illegal nor imposed in an illegal manner, as required by Rule 136, and noting that the offered restitution would "do less than what would be required to obtain parole" under 5 V.I.C. 4606.

Quetel next appealed to the Appellate Division of the District Court, claiming that the trial court had abused its discretion when it denied her motion for reduction of sentence. Quetel claimed that the trial court effectively imprisoned her for her debts when it refused to reduce her sentence on the grounds that the restitution offered was inadequate, and thereby violated federal law. See 48 U.S.C. 1561 (making it unlawful under the Revised Organic Act to imprison an individual for debt). The District Court rejected as meritless Quetel's 'debtor's imprisonment' argument. Concluding that the trial court had imposed a lawful sentence and that Quetel had presented no colorable claim under the Constitution or the laws of the United States, the District Court dismissed Quetel's appeal for lack of jurisdiction. Quetel then filed a timely appeal with this Court.

II

This Court has jurisdiction over appeals from all final decisions of the District Court on appeal from the Territorial Court. 48 U.S.C. 1613. This Court exercises plenary review over questions of jurisdiction of the Appellate Division of the District Court of the Virgin Islands. Gov't of Virgin Islands v. Warner, 48 F.3d 688, 691 (3d Cir. 1995).

III

On appeal, Quetel challenges neither her conviction on her guilty plea, nor the Territorial Court's initial sentence of ten years imprisonment with four years of her sentence suspended. In the Appellate Division of the District Court, Quetel appealed only the Territorial Court's denial of her motion to re-consider her sentence, based upon her offer of restitution. Here, Quetel appeals the Appellate Division's refusal to hear that challenge on the merits because it had no jurisdiction to do so.

The Appellate Division of the District Court generally lacks jurisdiction to review final judgments and orders of the Territorial Court in criminal cases where the defendant was convicted by guilty plea. See 4 V.I.C. 33. (Stating that "[t]he district court has appellate jurisdiction to review the judgments and orders of the territorial court ... in all criminal cases in which the defendant has been convicted, other than on a plea of guilty") [emphasis added]. However, the District Court must review any judgement or order which presents a colorable claim under the U.S. Constitution or federal law. See Section 23 of the Revised Organic Act (48 U.S.C. 1613a(a)) (stating that "the [Virgin Islands] legislature may not preclude the review of any judgment or order which involves the Constitution, treaties, or laws of the United States ...."); see also Chick v. Government of Virgin Islands, 941 F.Supp. 49 (D.Virgin Islands,1996) ("In essence, this Court has jurisdiction to consider the post-plea allegation only if it colorably implicates constitutional issues").

Quetel claims that the Territorial Court's post-sentencing denial of her motion to

reduce her sentence raises both a question of federal law, as a violation of the Organic Act, that prohibits, inter alia, imprisonment for debt, 48 U.S.C. 1561, and a constitutional issue, as a violation of the Due Process Clause of the Fourteenth Amendment to the Constitution. In making her claims, Quetel relies heavily on the Judge's statement at her sentencing that "if there is any proper offer of restitution that should be considered in any timely motion to reduce the sentence, the Court will be so inclined to reconsider." The Territorial Court subsequently rejected Quetel's offer valued at $450,000 as inadequate, concluding that it "failed to show a good faith offer of restitution." App. at 187.

Quetel offers these statements as proof that the Territorial Court, in denying Quetel's motion, "at all times concentrated on the amount embezzled and Mrs. Quetel's proposals to make partial restitution." App. Br. at 12. Although she never explicitly states this in her brief, Quetel seems to argue that, if she had the money to fully compensate her employer, then her sentence of incarceration would have been overturned, or at least reduced. Therefore, she is being imprisoned for a "debt" that she owes, in violation of the Organic Act and the Constitution.

Initially, it is important to distinguish that the sum owed by Quetel is not a debt, but compensation for money that she embezzled. The Supreme Court has indicated that "statutes relieving [defendants] from imprisonment for debt were not intended to take away the right to enforce criminal statutes and punish wrongful embezzlements or conversions of money." Freeman v. U.S., 217 U.S. 539 (1910) (further instructing that the proscription of imprisonment for debt "was intended to prevent [a court's] resort to that remedy for the collection of contract debts, and not to prevent the state from imposing a sentence for crime which should require the restoration of...money wrongfully converted in violation of a criminal statute") [emphasis added].

Quetel argues that Freeman would be decided differently today, and points to a number of decisions by the Court that have allegedly limited Freeman's holding. Quetel cites Williams v. Illinois, 399 U.S. 235 (1970), for the proposition that a defendant may not be incarcerated beyond the statutory maximum solely because he lacks the financial ability to pay a fine, and Tate v. Short, 401 U.S. 395 (1971), for the proposition that a fine imposed under a "fine only" statute may not be converted to imprisonment solely because the defendant cannot make payment.

Nevertheless, Quetel's attorney ignores several clearly distinguishing factors in the cases that he cites for support. For example, the holding in Williams explicitly implicates only those sentences imposed for debt that are above the statutory maximum. See Williams, 399 U.S. at 240-41. As the District Court pointed out on appeal, Quetel's sentence was clearly within the statutory guidelines applicable to her crimes. In fact, Quetel does not challenge her sentence on appeal, only the trial judge's refusal to reduce it.

Additionally, unlike the Supreme Court's holding in Tate, Quetel was not imprisoned for her inability to pay a fine levied against her. She was convicted of embezzlement, and later given a chance to make restitution to her victim, for which the Territorial Court acknowledged that it would "be...inclined to reconsider [her sentence]." Quetel offers no evidence that the aspect of the Freeman decision that is clearly implicated by her own set of circumstances has been overturned.

Even if Quetel were correct in her assertion that Freeman has been limited, it is not necessarily true that the trial court should have reduced her sentence upon her offer of restitution. First, the plain meaning of the Court's statements in sentencing Quetel do not indicate a 'quid-pro-quo' arrangement, whereby the court has promised to release Quetel from her term of imprisonment if she would compensate her victim in full. The trial judge merely stated that he would "be...inclined to consider" a reduction in sentence if Quetel made a "proper offer of restitution." Clearly, the Territorial Court judge intended to preserve his discretion to re-evaluate Quetel's sentence. Even so, Quetel offers no adequate argument for why her offer of compensation should be considered an adequate one.

Finally, there is ample evidence in the record that the Territorial Court sentenced Quetel based on "Quetel's initial embezzlement and her failure to accept responsibility in full" (Quetel 178 F. Supp.2d at 485), and "not solely on her inability to pay restitution," as Quetel claims. See, e.g. App. at 187. (Statement by the Territorial Court in its Order denying Quetel's motion for reduction of sentence, that Quetel's "present situation

(incarceration), albeit uncomfortable, is a direct result of her own criminal behavior and she [has] fail[ed] to demonstrate a compelling need to reduce her sentence.") This Court has instructed that post-conviction motions for relief under the analogous Fed. R. of Crim. P. 35 ("Correction or Reduction of Sentence") are addressed "entirely to the discretion of the [trial] judge" and that the trial judge can "deny such motions for virtually any reason or for no reason at all." See Diggs v. U.S. 740 F.2d 239, 249 (3d Cir. 1984) (recognized as superseded by statute, on other grounds, as stated in U.S. v. Essig, 10 F.3d 968 (3rd Cir. 1993)). Since it is clear that the Territorial court recognized its authority to reduce Quetel's sentence, under Territorial Court Rule 136, and then exercised that discretion rationally, and since Quetel has failed to offer a "colorable claim implicating federal law or the Constitution," we affirm the Appellate Division's dismissal of Quetel's appeal for lack of jurisdiction.

_____

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

                                        By the Court,


                                                    /s/ Julio M. Fuentes
                                        Circuit Judg