HLD-134    (April 2011)                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1403
_____

JACK J. MINICONE, JR.,
                                                        Appellant
v.

ROBERT WERLINGER, WARDEN F.C.I. LORETTO
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-10-cv-00095)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 29, 2011
Before:  MCKEE, Chief Judge, ALDISERT and WEIS,  Circuit Judges

(Opinion filed: June 3, 2011)
_____

OPINION
_____

PER CURIAM.

        As we write for the parties, we will limit our recitation of the facts

underlying this appeal.  Jack Minicone, Jr., a federal prisoner serving a term of

incarceration imposed by United States District Court for the Northern District of New

York, argues in a 28 U.S.C. § 2241 petition that sentencing counsel was ineffective for

failing to argue for a lower sentence based on an amendment to the United States

Sentencing Guidelines—and, further, because the same counsel represented Minicone in

his first 28 U.S.C. § 2255 action in the Northern District of New York,[1] that he should be

allowed to file in this Circuit via § 2241, as counsel could not have been expected to raise

an ineffectiveness claim against himself. Minicone avers that § 2255 is thus "inadequate

and ineffective," see 28 U.S.C. § 2255(e), and that its application to his situation would

render AEDPA an unconstitutional suspension of the writ of habeas corpus. The District

Court denied the petition.

We have jurisdiction pursuant to 28 U.S.C. § 1291. In reviewing the denial

of a 28 U.S.C. § 2241 petition, we "exercise plenary review over the District Court's

legal conclusions and apply a clearly erroneous standard to its findings of fact." See

O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005); see also United States v.

Friedland, 83 F.3d 1531, 1542 (3d Cir. 1996) ("Our review of the district court's order

denying . . . relief under 28 U.S.C. § 2241 is plenary.").

As a basic matter, Minicone is not correct in his assertions of either §

2255's ineffectiveness or its as-applied unconstitutionality. There is no constitutional

right to counsel in collateral proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555

(1987); Virgin Islands v. Warner, 48 F.3d 688, 692 (3d Cir. 1995). Thus, errors by

counsel in collateral proceedings—and, by extension, "conflicts of interest" of this sort—

do not implicate the Sixth Amendment. If Minicone believed counsel to be ineffective at

---

[1] Minicone v. United States, No. 5:97-cv-00519 (N.D.N.Y. 1997).

the time of his first collateral attack, he had the options of retaining alternative counsel or proceeding *pro se*. His decision to proceed with original counsel, and the consequences deriving therefrom, do not implicate a constitutional failure in the implementation of AEDPA.

Moreover, it is well settled that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). The 28 U.S.C. § 2255(e) "safety valve" exception applies only if "remedy by [§ 2255] motion is inadequate or ineffective to test the legality of . . . detention." 28 U.S.C. § 2255(e). Inadequacy is not presumed simply because procedural requirements present an impediment to filing, as is the case here. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538–39 (3d Cir. 2002).[2] Rather, proper use of the § 2255(e) as a method for invoking § 2241 is limited to rare circumstances, such as when a petitioner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law [negated]." See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

Here, Minicone had a full and fair opportunity to raise ineffectiveness claims in his first 28 U.S.C. § 2255 motion, and was on notice via the plain language of

---

[2] Indeed, Minicone has filed multiple § 2255 motions, as well as motions for resentencing under 18 U.S.C. § 3582(c). See generally Minicone v. United States, 353 F. Supp. 2d 316, 319 (N.D.N.Y. 2005); Minicone v. United States, No. 01-CV-1969, 2002 U.S. Dist. LEXIS 4012 (N.D.N.Y. Mar. 12, 2002).

the statute that successive attempts to attack his conviction or sentence would be subject to the heightened AEDPA bar.  See 28 U.S.C. § 2255(h).  And since he is not prevented from pursuing a § 2255 motion, "habeas corpus relief is unavailable."  Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam).

As no substantial issue is before us, we will invoke our authority under Third Circuit LAR 27.4 and I.O.P. 10.6 to summarily affirm the judgment of the District Court.  See United States v. Rhines, ___ F.3d ___, slip op. at 3 (3d Cir. Apr. 4, 2011, No. 10-4077).  Appellee's motion for summary action, to the extent that it requests independent relief, is denied as unnecessary.