OPINION
SMITH, Circuit Judge.
In 1995, a jury convicted Frank Hughley of three counts of aggravated rape in the first degree and six counts of unlawful sexual contact in the first degree in violation of 14 V.I.Code §§ 1700(a)(1) and 1708(2). The Territorial Court of the Virgin Islands sentenced Hughley to 26 years’ imprisonment without parole. On appeal to the Appellate Division of the District Court of the Virgin Islands, Hughley argued that his convictions should be set aside because of the ineffectiveness of his trial counsel. He asserted that his counsel was ineffective for several reasons, including his counsel’s decision to empanel an all-female jury. Because ineffective assistance claims are usually not heard on direct appeal in light of the undeveloped record, the Appellate Division dismissed Hughley’s appeal.
Thereafter, he filed a habeas petition under 5 V.I.Code § 1303 in the Superior Court of the Virgin Islands, asserting the same ineffective assistance of counsel claim.[1] Consistent with Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Superior *280 Court considered whether Hughley had been deprived of the effective assistance of counsel and, if so, whether he had been prejudiced by counsel’s deficient performance. The Superior Court determined that counsel’s performance was “the product of a reasoned trial strategy” and that Hughley had not complained about counsel’s decisions at trial. Alternatively, the Superior Court concluded that “[e]ven if [counsel’s] decisions constituted serious errors, it is clear that Hughley did not establish prejudice from these errors.” For these reasons, the Superior Court denied his habeas petition.
A timely appeal to the Appellate Division followed, 48 U.S.C. § 1613a(a), which remanded Hughley’s case to the Superior Court to rule on Hughley’s request for a certificate of probable cause under Virgin Islands Rule of Appellate Procedure 14(b).[2] Although the Superior Court denied the certificate, Hughley’s notice of appeal constituted “a request to the Appellate Division for a certificate” of probable cause. V.I.R.App. P. 14(b). The Appellate Division implicitly concluded that a constitutional question warranted review and proceeded to address the merits of Hughley’s ineffective assistance of counsel claim.
The Appellate Division disagreed with the Superior Court’s determination that Hughley’s counsel’s performance was based on a reasonable trial strategy. It concluded that “[i]n the aggregate,” counsel’s “representation fell below the objective threshold of reasonably competent representation.” Nonetheless, the Appellate Division affirmed the Superior Court’s judgment because it agreed that Hughley could not satisfy the prejudice prong of Strickland. It cited the testimony of the examining physician, the statements to the examining physician by one of the child victims about what had occurred, the testimony of the child psychologist who worked with the second child victim, the identification of Hughley by one of the child victims, and the damning testimony of the two child victims.
Proceeding pro se, Hughley filed a timely appeal to this Court pursuant to 48 U.S.C. § 1613a(e) and 28 U.S.C. § 1291. Hughley again asserts that the ineffectiveness of his counsel warrants vacating his convictions.
I.
Before turning to the merits, we examine our jurisdiction over this appeal in light of our “independent responsibility” to confirm our jurisdiction.[3] In re Flat Glass Antitrust Litig., 288 F.3d 83, 88 n. 5 (3d Cir.2002) (quoting In re Ford Motor Co., 110 F.3d 954, 958-59 (3d Cir.1997)). Our colleague’s thoughtful dissent contends that we lack jurisdiction because a territorial law eliminated the District Court’s appellate jurisdiction over Hugh-ley’s appeal. We disagree.
Congress authorized the Virgin Islands legislature to vest original jurisdiction over territorial actions in the territorial courts. See 48 U.S.C. § 1612(b); Callwood v. *281 Enos, 230 F.3d 627, 631 (3d Cir.2000). The Virgin Islands legislature eventually did so by passing 4 V.I.Code § 76(a), which gave the Superior Court “original jurisdiction in all civil actions regardless of the amount in controversy” and “in all criminal actions.” 4 V.I.Code § 76(a), (b). In Callwood, we interpreted § 76(a) as implicitly repealing the District Court’s original jurisdiction under 5 V.I.Code § 1303 to hear territorial habeas petitions. 230 F.3d at 632. As a result, we concluded that the District Court lacked original jurisdiction over territorial habeas petitions. Id.
But Callwood’s holding does not extend to the District Court’s appellate jurisdiction over Superior Court rulings on territorial habeas petitions. Callwood involved only a question about the District Court’s original jurisdiction under 5 V.I.Code § 1303 over territorial habeas petitions. The case had nothing to do with the District Court’s appellate jurisdiction under 4 V.I.Code § 33 over territorial habeas petitions. See 48 U.S.C. § 1613a(a) (“[T]he District Court of the Virgin Islands shall have such appellate jurisdiction over the courts of the Virgin Islands established by local law to the extent now or hereafter prescribed by local law_”); 4 V.I.Code § 33 (granting, pursuant to 48 U.S.C. § 1613a(a), appellate jurisdiction to the District Court “to review the judgments and orders of the [Superior Court] in all ... civil cases and criminal cases in which the defendant has been convicted, other than on a plea of guilty”); Gov’t of Virgin Islands v. Warner, 48 F.3d 688, 692 (3d Cir.1995) (holding that under the Revised Organic Act, 4 V.I.Code § 33’s limitation on cases involving guilty pleas does not preclude appellate jurisdiction over such cases where colorable constitutional claims are raised). Nor can Callwood’s holding be extended to divest the District Court of its appellate jurisdiction over territorial habeas petitions. By its plain text, § 76(a) alters only the “original jurisdiction” of the District Court. As we previously acknowledged in Parrott v. Government of Virgin Islands, § 76(a) has no effect on the District Court’s appellate jurisdiction under 4 V.I.Code § 33 over territorial habeas petitions. 230 F.3d 615, 619 & n. 5 (3d Cir.2000) (noting that, although “the District Court loses jurisdiction to the Territorial Court over local matters” to the extent that the Virgin Islands legislature divests the District Court of “original jurisdiction,” the District Court “continues, however, to sit as an appellate court to review local matters decided by the Territorial Court” under 48 U.S.C. § 1613a(a)).[4]
We therefore conclude that the District Court properly exercised appellate jurisdiction over Hughley’s appeal.
II.
Having confirmed our jurisdiction, we now turn to the merits of Hughley’s claim. We exercise plenary review over the adjudication of Strickland’s performance and prejudice prongs. Duncan v. Morton, 256 F.3d 189, 200 (3d Cir.2001). After consideration of the briefs of the parties and the record before us, we will not disturb the judgment of the Appellate *282 Division, which affirmed the Superior Court’s denial of Hughle/s habeas petition under 5 V.I.Code § 1303. We agree with the Appellate Division that Hughley cannot demonstrate prejudice in light of the overwhelming evidence against him.[5]
For the. reasons set forth above, we will affirm the judgment of the Appellate Division of the District Court.

. On October 29, 2004, when the Virgin Islands legislature established the Supreme Court of the Virgin Islands as an appellate court, it changed the name of the Territorial Court of the Virgin Islands to the Superior Court of the Virgin Islands. See Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004).

. A "certificate of probable cause” was the predecessor of the "certificate of appealability” required under 28 U.S.C. § 2253(c)(1). The certificate of probable cause required the petitioner "to make a 'substantial showing of the denial of a federal right.’ ” Barefoot v. Estelle, 463 U.S. 880, 893, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983) (brackets and internal citation omitted).

. Of course, our discussion in this section pertains only to appeals filed before January 27, 2007, the date on which the Virgin Islands Supreme Court officially assumed appellate jurisdiction over appeals from the Superior Court. See Hypolite v. People of Virgin Islands, 2009 WL 152319, at *2 (V.I. Jan. 21, 2009).

. We recognize that under Walker v. Government of the Virgin Islands, 230 F.3d 82, 89 (3d Cir.2000), a habeas petitioner in custody pursuant to a sentence of the Territorial Court of the Virgin Islands who is seeking to appeal the denial of his petition for habeas corpus under § 2254 must obtain a certificate of ap-pealability to proceed before this court. A certificate of appealability is not necessary here because the District Court did not deny relief under § 2254. Instead, the District Court, acting in its capacity under 48 U.S.C. § 1613a(a) as the Appellate Division, affirmed the judgment of the Superior Court denying Hughley’s habeas petition under 5 V.I.Code § 1303.

. We are mindful that Hughley's brief focuses on the deficient performance prong of his Strickland claim. Because we agree with the Appellate Division that Hughley cannot show that he was prejudiced, we need not address the deficient performance prong. 466 U.S. at 697, 104 S.Ct. 2052 (instructing that courts need not “address both components ... if the defendant makes an insufficient showing on one”).